[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2008
THOMAS K. KAHN
CLERK

No. 06-10080
Non-Argument Calendar

_____

D. C. Docket No. 03-00024-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH JAMES STRATTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 13, 2008)**

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

This case is before us on remand from the United States Supreme Court for consideration of Stratton's sentence in light of Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558 (2007). Stratton v. United States, 552 U.S. ___, 128 S. Ct. 859 (2008). This panel previously affirmed Stratton's 235-month sentence for conspiracy to possess with intent to distribute crack and powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. See United States v. Stratton, 205 F. App'x 791 (11th Cir. 2006). After reconsideration, we reinstate our previous opinion to the extent it rejected Stratton's claims that (1) United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), is unconstitutional, (2) Booker's remedial holding implicates ex post facto and due process concerns, (3) the district court violated Booker by its extra-verdict fact-findings and enhancements, and (4) the district court judge sua sponte should have recused. We also reinstate our previous order to the extent it concluded that Stratton's claim that 21 U.S.C. § 846 is unconstitutional was barred by the law-of-the-case doctrine because he did not raise it in his first appeal.

However, we reconsider our previous opinion to the extent it rejected Stratton's claim that the crack/powder sentencing disparity may be a factor in determining a reasonable sentence. We do so for three reasons. First, Stratton raised a Kimbrough-type claim in both the district court and this Court in his prior

appeal. Because Stratton timely raised his sentencing disparity claim in his prior direct appeal, we can now consider it on remand. Cf. United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) (applying well-established rule that issues not timely raised in the initial briefs are deemed abandoned in case remanded after Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000)); United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir. 2005) (applying Ardley reasoning to Booker remand case).

Second, this is a case where the district court rejected Stratton's claim that the court had authority to consider the crack/powder disparity as a sentencing factor and a basis for a sentence reduction. And this is not a case where the district court indicated that it would enter the same sentence even if the court had authority to consider the crack/powder disparity as a sentencing factor. See United States v. Keene, 470 F.3d. 1347, 1348-49 (11th Cir. 2006).

Third, our previous opinion relied on our binding precedent in United States v. Williams, 456 F.3d 1353 (11th Cir. 2006), which concluded that federal courts were "not at liberty to supplant [Congress's] policy decision" that "crack offenders should be punished more severely." Id. at 1367. In Kimbrough, the Supreme Court overruled Williams and determined that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant

3

that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s purposes, even in a mine-run case." 552 U.S. at ___, 128 S. Ct. at 566 n.4, 575. In light of Kimbrough, Stratton has shown the district court erred in concluding that it lacked authority to consider the crack/powder sentencing disparity in reaching an appropriate sentence.

Therefore, we remand this case to the district court for the limited purpose of resentencing Stratton in light of Kimbrough. We do not suggest on remand that the district court must impose any particular sentence or that the district court is not free to impose the same sentence after considering the § 3553(a) factors. Furthermore, as this is a limited remand to permit the district court to reconsider the § 3553(a) factors in light of the Supreme Court's holding in Kimbrough, Stratton may not re-argue other issues already decided or necessarily decided during his two prior sentencings that either were affirmed on direct appeal or could have been, but were not, raised by him during his direct appeals. See United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003) (explaining that when the appellate courts issue limited mandates, "the trial court is restricted in the range of issues it may consider on remand"). However, the district court may, if it wishes to do so, combine this resentencing proceeding on remand with any additional proceeding the district court may determine is appropriate in light of the retroactive application

4

of Amendment 706 to the crack-cocaine guidelines effective March 3, 2008.  See U.S.S.G. app. C, amend. 713 (Supp. 2008).

Accordingly, we reinstate our previous opinion with the exception of our discussion of the crack/powder sentencing disparity, for which we substitute the foregoing.

**OPINION REINSTATED IN PART; AFFIRMED IN PART; and VACATED AND REMANDED IN PART.**