[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2008
THOMAS K. KAHN
CLERK

No. 07-12994

_____

D. C. Docket No. 06-20653-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVERETT WILLIAMS,
a.k.a. Ed Bush,
a.k.a. Eddie Joe,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 30, 2008)

Before TJOFLAT and BLACK, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

_____

* Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

After pleading guilty to two counts of possession of crack cocaine with intent to deliver, Everett Williams was sentenced to 140 months' imprisonment, a sentence at the bottom of the then-applicable sentencing guideline range. While *Kimbrough v. United States*, — U.S. —, 128 S. Ct. 558 (2007), was still pending before the United States Supreme Court, Williams filed this appeal challenging the district court's failure to consider whether the disparity between the guidelines for powder and base cocaine resulted in a guideline range greater than necessary to promote the purposes of sentencing in his case. The district court did not address Williams' challenge to the crack/powder disparity because it was foreclosed by our precedent in *United States v. Williams*, 456 F.3d 1353, 1366-69 (11th Cir. 2006).

On December 10, 2007, the Supreme Court issued its decision in *Kimbrough*, which implicitly overruled our decision in *Williams*. *See Kimbrough*, 128 S. Ct. at 576. Shortly thereafter, the Court remanded *United States v. Stratton*, 519 F.3d 1305, 1306 (11th Cir. 2008), a case in which the defendant raised a claim identical to the one Williams raises here. After noting the district court had (1) rejected its authority to consider the crack/powder disparity at sentencing and (2) had not indicated whether it would have entered the same sentence if it had authority to do so, we remanded the case to the district court "for the limited

purpose of resentencing [the defendant] in light of *Kimbrough*." *Id.* at 1306-07.

The Court explained:

> [A]s this is a limited remand to permit the district court to reconsider the § 3553(a) factors in light of the Supreme Court's holding in *Kimbrough*, Stratton may not re-argue other issues already decided or necessarily decided during his two prior sentencings that either were affirmed on direct appeal or could have been, but were not, raised by him during his direct appeals. However, the district court may, if it wishes to do so, combine this resentencing proceeding on remand with any additional proceeding the district court may determine is appropriate in light of the retroactive application of Amendment 706 to the crack-cocaine guidelines effective March 3, 2008.

*Id.* at 1307 (internal citations omitted).

The same result is appropriate in this case. In light of *Kimbrough*, Williams' sentence was procedurally unreasonable because the district court failed to treat the 100:1 sentencing ratio between crack and powder cocaine sentences as advisory. *See Gall v. United States*, — U.S. —, 128 S. Ct. 586, 597 (2007) (significant procedural errors at sentencing include "treating the Guidelines as mandatory"). Moreover, the district court did not address whether it would have imposed the same sentence had it been free to treat the crack/powder disparity as advisory. The court did indicate that Williams deserved a sentence above the mandatory minimum term of 120 months' incarceration; however, it is not clear whether the court would have entertained a sentence of less than 140 months had

it treated the Sentencing Guidelines as wholly advisory.  Consequently, we remand the case to the district court for the limited purpose of resentencing Williams in light of *Kimbrough*.  *See Stratton*, 519 F.3d at 1307.  The Court is free to combine the resentencing proceeding with any additional proceeding the district court may determine appropriate in light of the retroactive application of Amendment 706 to the crack-cocaine guidelines.

**REVERSED AND REMANDED.**