**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0412n.06
Filed: July 9, 2008

**Case Nos. 05-6569**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| MARQUIS TOWNSEND, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

**BEFORE: BOGGS, Chief Judge; BATCHELDER and GRIFFIN, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Defendant Marquis Townsend pleaded guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The district court sentenced Townsend to 188 months' imprisonment. Townsend timely appealed his sentence, arguing, *inter alia*, that his sentence was unreasonable due to the disparity between the Guidelines' treatment of crack cocaine and powder cocaine. We affirmed his sentence in *United States v. Smith*, 252 F. App'x 20 (6th Cir. 2007). The Supreme Court vacated our judgment as to Townsend, and remanded to us for reconsideration in light of *Gall v. United States*, 128 S.Ct. 586 (2007) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007). *Townsend v. United States*, 76 U.S.L.W. 3619 (2008).

The only aspect of our previous opinion affected by *Gall* and *Kimbrough* is our analysis with

respect to the crack/powder disparity, as to which *Kimbrough* holds that a sentencing court does not abuse its discretion by considering the disparity. 128 S.Ct. at 488. At least one circuit has read *Kimbrough* to necessitate a limited remand where the district court, at sentencing, did not believe it had the authority to consider the crack/powder disparity as a sentencing factor and a basis for a sentence reduction. *See, e.g., United States v. Stratton*, 519 F.3d 1305, 1306 (11th Cir. Fla. 2008). This is not such a case, however, as the district court stated at Townsend's sentencing that it:

> [found] nothing in the case, including the disparity in sentencing between crack cocain and powder cocaine, which I have on one other occasion in combination with other factors found to be worthy of some consideration, there's nothing in this case that clearly establishes that a sentence other than the sentence suggested by the advisory guideline range would be a reasonable sentence in this case.

As the court indicated, it found the crack/powder disparity, along with other factors, to warrant sentencing one of Townsend's codefendants below the recommended guideline range. Thus, it is apparent that the district court clearly recognized its authority to consider the disparity, but did not think the disparity justified sentencing Townsend below the recommended guideline range. Townsend's case, therefore, does not necessitate a remand.

For the foregoing reasons, we **REINSTATE** all aspects of our previous opinion, except as to the issue of crack/powder disparity, and we **AFFIRM** the sentence imposed by the district court.