[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11524
Non-Argument Calendar

_____

D. C. Docket No. 06-80081-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARBARA POTTS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 20, 2008)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Barbara Potts, a federal prisoner, appeals the denial of her pro se motion to

reduce her sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). After review, we affirm.

## I. BACKGROUND

In 2007, Potts pled guilty to one count of conspiracy to manufacture at least 50 grams of crack cocaine base and to possess with intent to distribute and to distribute at least 50 grams of crack cocaine and at least 5 kilograms of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a) and 846. At sentencing, Potts's advisory guidelines range was 97 to 121 months' imprisonment.[1] However, because Potts's offense involved over 50 grams of cocaine base, Potts was subject to a mandatory minimum ten-year sentence under 21 U.S.C. § 841(b)(1)(A) and the low end of her guideline range was reset to 120 months under U.S.S.G. § 5G1.1(c)(2). See U.S.S.G. § 5G1.1(c)(2) (prohibiting a guidelines sentence below the statutory mandatory minimum sentence). The government moved pursuant to U.S.S.G. § 5K1.1 for a reduction in Potts's sentence below the statutory mandatory minimum based on Potts's substantial assistance. The district court granted the government's motion on March 30, 2007 and imposed a 60-month sentence based on Potts's substantial assistance.

---

[1]The presentence investigation report ("PSI") calculated Potts's base offense level of 32, pursuant to U.S.S.G. § 2D1.1(c)(4), based on the amount of drugs involved in her offense. After adjustments, Potts's total offense level of 29 and criminal history category of II yielded an advisory guidelines range of 97 to 121 months' imprisonment.

In February 2008, Potts filed a pro se § 3582 motion to reduce her sentence, citing Amendment 706 to the Sentencing Guidelines. Amendment 706 reduced the offense levels under U.S.S.G. § 2D1.1 for offenses involving crack cocaine and was made retroactive by Amendment 713. See U.S.S.G. app. C, amend 706, 713; United States v. Stratton, 519 F.3d 1305, 1307 (11th Cir. 2008). Under Amendment 706, Potts's base offense level would be reduced by two levels, yielding a potential guidelines range of 78 to 97 months' imprisonment. See U.S.S.G. § 2D1.1(c)(5) (Supp. May 1, 2008).[2] However, even with Amendment 706, the low end of Potts's actual guidelines range still would be 120 months' imprisonment because of the ten-year statutory mandatory minimum. See U.S.S.G. § 5G1.1(b).

The district court denied Potts's § 3582 motion. The district court acknowledged that Amendment 706, made retroactive by Amendment 713, reduced the base offense level for crack cocaine offenses. The district court concluded, however, that Potts was ineligible for a sentence reduction because Potts's advisory guidelines range was derived not from the drug quantity table in § 2D1.1(c), but from the mandatory minimum sentence of ten years' imprisonment. Thus, Amendments 706 and 713 did "not affect the statutory minimum that

_____

[2]Under the amended drug quantity tables, Potts's base offense level would be 30, rather than 32.

ultimately determined [her] sentence."

Potts filed this appeal.[3]

## II. DISCUSSION

Section 3582(c)(2) prohibits a court from modifying a term of imprisonment after it has been imposed except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1) (Supp. May 1, 2008). However, a reduction is not authorized by § 3582(c)(2) if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (May 1, 2008).[4]

This Court recently explained that "a reduction under § 3582(c)(2) is not authorized where 'the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable

---

[3]As a threshold matter we note that, although Potts filed her § 3582(c)(2) motion before March 3, 2008, the date Amendment 713 took effect and made Amendment 706 retroactively applicable, both the district court and this Court have jurisdiction over Potts's § 3582(c)(2) motion because the district court ruled on the motion after March 3, 2008. See United States v. Moore, ___ F.3d ___, Nos. 08-11230, 08-11341, 08-11484, 08-11526, & 08-13132, 2008 WL 4093400, at *2 (11th Cir. Sept. 5, 2008).

[4]We review a district court's denial of a defendant's § 3582(c)(2) motion for an abuse of discretion. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).

4

guideline range <u>because of the operation of another guideline</u> or statutory provision (e.g. a statutory mandatory minimum term of imprisonment).'" <u>Moore</u>, 2008 WL 4093400, at \*4 (quoting U.S.S.G. § 1B1.10, cmt. n. 1(A) (Supp. May 1, 2008)) (omission in original). In <u>Moore</u>, this Court concluded that although Amendment 706 would have reduced the defendants' base offense levels calculated under the drug quantity table in U.S.S.G. § 2D1.1, "it does not have the effect of lowering their applicable guideline ranges because of the application of the career offender guideline." <u>Id.</u> at \*4.

Under the particular circumstances of Potts's case, we cannot say the district court abused its discretion in denying Potts's § 3582(c)(2) motion. There is no dispute that Amendment 706 is applicable to Potts and that it reduced her base offense level. However, due to the operation of the applicable statutory mandatory minimum ten-year sentence, Amendment 706 did not give the district court any more discretion to impose a lower sentence. In other words, even after Amendment 706, Potts's guidelines sentencing range could not dip below 120 months absent the substantial assistance § 5K1.1 departure. <u>See</u> U.S.S.G. § 5G1.1(b); <u>see also</u> § 1B1.10(b)(2)(A)-(B) & cmt. n.3 (Supp. May 1, 2008) (providing that a sentencing court shall not reduce a defendant's sentence below the minimum of the amended guidelines range). As the district court

acknowledged in ruling on Potts's § 3582(c)(2) motion, Potts' guidelines sentencing range was driven by her statutory mandatory minimum.

The fact that the district court granted the government's § 5K1.1 downward departure motion also does not change the outcome. In <u>Moore</u>, both Moore and Lawton also received § 5K downward departures. The <u>Moore</u> court pointed out that the sentencing court did not use the offense level to calculate the guidelines range but used the career offender designation to determine the guidelines range. <u>Moore</u>, 2008 WL 4093400, at *5-6. Similarly, here the low end of Potts's guidelines range was driven by the statutory mandatory minimum and not her offense level. Thus, the district court did not abuse its discretion in denying Potts's § 3582(c)(2) motion.

**AFFIRMED.**