[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-14964
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00014-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SOLON DANIEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 6, 2008)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Solon Daniel appeals from his 78-month sentence imposed following a jury

conviction for one count of possession with intent to sell cocaine base, also known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).  On appeal he argues that his sentence is procedurally and substantively unreasonable based on the recent amendment to the federal sentencing guidelines reducing the disparity between crack cocaine and powder cocaine, U.S.S.G. § 2D1.1 (amendment 706), and due to the district court's failure to consider his advanced age, ill health, and deportability when imposing his sentence.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

## I.

In general, we review a final sentence for reasonableness.  United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005).  In conducting this review, we apply a deferential abuse of discretion standard, Gall v. United States, 552 U.S. ___, 128 S.Ct. 586, 591, 597, 169 L.Ed.2d 445 (2007), and the defendant challenging his sentence bears the burden of establishing that it is unreasonable, Talley, 431 F.3d at 788.

The Supreme Court held in Gall that appellate review of a sentence involves a two step process.  First, an appellate court must ensure that the district court committed no significant procedural error.  Gall, 522 U.S. at __, 128 S.Ct. at 597;

see also United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). A district court's sentencing decision is procedurally sound if the court correctly calculated the defendant's sentencing range, treated the guidelines as advisory, considered the § 3553(a) factors, selected a sentence that was based on facts that were not clearly erroneous, and adequately explained the chosen sentence, including an explanation for any deviation from the defendant's sentencing range. Id. Second, after an appellate court has determined that the district court's sentencing decision is procedurally sound, the appellate court must ensure that the sentence imposed by the district court was substantively reasonable. See Gall, 522 U.S. at __, 128 S.Ct. at 597. A district court's sentencing decision is substantively reasonable if the court acted within its discretion in determining that the § 3553(a) factors supported the sentence and justified any deviation from the defendant's sentencing range. Id. at 600.

The factors presented in § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to

3

avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786; see 18 U.S.C. § 3553(a). A "district court need only 'acknowledge' that it 'considered the § 3553(a) factors[,]' and need not discuss each of these factors in either the sentencing hearing or in the sentencing order[.]" United States v. Amedeo, 487 F.3d 823, 833 (11th Cir.), cert. denied, 128 S.Ct. 671 (2007) (internal citation omitted).

The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). Thus, we will reverse a procedurally proper sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. McBride, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (internal quotation omitted). Although a sentence at the low end of the applicable guidelines range is not per se reasonable, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Talley, 431 F.3d at 786, 788.

A defendant is to be sentenced under the guidelines which are in effect on the date that the defendant is sentenced. U.S.S.G. § 1B1.11(a); see also United States v. Descent, 292 F.3d 703, 707 (11th Cir. 2002) (stating that "[w]hen

reviewing the district court's application of the sentencing guidelines, we apply the version of the guidelines in effect on the date of the sentencing hearing.").  At the time Daniel was sentenced, an amendment proposed by the sentencing commission, which would decrease the base offense level assigned to each threshold quantity of crack cocaine by two levels, was pending before Congress, and ultimately went into effect on November 1, 2007.  U.S.S.G. § 2D1.1 (amendment 706).  However, because Congress could have amended, or completely rejected, Amendment 706 prior to November 1, 2007, see 28 U.S.C. § 994(p), the district court was not required to apply the amendment as if it were in effect at the time Daniel was sentenced.  See U.S.S.G. § 1B1.11(a).  In any event, because this amendment has been made retroactive as of March 3, 2008, eligible defendants may seek modification of their sentences  pursuant to 18 U.S.C. § 3582.  See U.S.S.G. § 2D1.1 (amendment 706); U.S.S.G. § 1B1.10 (amendment 712).

We have yet to explicitly address the effect amendment 706 would have, if any, on the reasonableness of a defendant's sentence when that sentence was properly calculated under the guidelines in effect at the time the sentence was imposed.  However, this issue has recently been addressed in both the Fourth and Third Circuits.  In United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008) (persuasive authority), the defendant argued that amendment 706 rendered his

sentence unreasonable, and urged the Court to remand his case for resentencing. Id. The Fourth Circuit, in affirming Brewer's case and declining to remand, held that "[i]t is. . . for the district court to first assess whether and to what extent Brewer's sentence may be thereby affected [by Amendment 706], and that court is entitled to address this issue either sua sponte or in response to a motion by Brewer or the Bureau of Prisons." Id.

Likewise, the Third Circuit rejected a defendant's argument that the enactment of amendment 706 during the pendency of his appeal rendered his original sentence procedurally unreasonable. United States v. Wise, 515 F.3d 207, 219-20 (3rd Cir. 2008) (persuasive authority). In affirming the defendant's sentence, the Court held that "we will continue to expect that district courts will calculate the applicable sentencing ranges using the Guidelines [in effect] at the time of sentencing, and we will continue to review the propriety of a sentence based on those same Guidelines." Id. at 220. Although the Court recognized that there were two general exceptions to that rule – if an ex post facto problem was presented, or if a subsequent amendment "merely clarifie[d] the law in existence at the time of sentencing" as opposed to making a substantive change – the Court found that neither exception was applicable in that case, because "we have previously ruled that a post-sentencing amendment reducing the base offense level

applicable to a particular offense is a substantive change and is therefore not applied retroactively to cases on appeal." Id. The Court further noted that the defendant may be able to benefit from Amendment 706 by filing a § 3582 motion with the district court. Id.

In addition, at the time Daniel was sentenced, the district court was bound by our precedent in United States v. Williams, 456 F.3d 1353, 1366-69 (11th Cir. 2006), overruled by United States v. Kimbrough, 552 U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), which held that it was impermissible for a district court to consider the 100:1 crack/powder disparity when it imposed a sentence in a crack case. On December 10, 2007, the Supreme Court held in Kimbrough that: (1) the 100:1 crack-to-powder ratio was as "advisory" as the rest of the guidelines; (2) a Court of Appeals erred and rendered that ratio mandatory when it held that a sentence which considered the district court's disagreement with the ratio to be per se unreasonable; and (3) district courts could consider the disparity in determining a sentence. Kimbrough, 552 U.S. at ___, 128 S.Ct. at 564. While we later held that Kimbrough overruled this Court's decision in Williams, "and determined that it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve 18 U.S.C. § 3553(a)'s purposes," we did not do

so until after Daniel's sentencing. United States v. Stratton, 519 F.3d 1305, 1306 (11th Cir. 2008) (internal citations and quotations omitted). See also United States v. Berggren, No. 07-12796, man. op. at 5-6 (11th Cir. March 4, 2008) (unpublished) (concluding that defendant's sentence was reasonable on plain error review where defendant argued the crack/powder disparity for the first time on appeal, because "[n]othing in either the decision of the Supreme Court in Kimbrough or our precedents obliged the district court to discuss the powder-crack disparity").

Nothing in the record indicates that the district court procedurally erred at the time it sentenced Daniel when, at the time sentencing took place, it correctly calculated the applicable guideline range based on the guidelines in effect at the time of his sentencing, treated the guidelines as advisory, considered the § 3553(a) factors, and adequately explained the sentence chosen. Moreover, unlike the defendant in Stratton, Daniel did not raise a Kimbrough argument before the district court. In addition, Daniel's sentence is substantively reasonable, because the district court indicated that it had considered the factors proffered by Daniel's attorney on his behalf, which included his ill health, his age, the cost of keeping him in prison, and the fact that he would be deported upon release, but nonetheless found that a sentence at the low end of the guideline range was "sufficient, but not

8

greater than necessary," to comply with the purposes of sentencing as set forth in § 3553(a). Therefore, the district court did not err in sentencing Daniel, and the decision to implement a sentence at the low end of the guideline range was not an abuse of discretion. Accordingly, his sentence is affirmed.

**AFFIRMED.**