[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11945
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-80111-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY BOLDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 8, 2009)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Stanley Bolden appeals from his conviction on one count of conspiracy to distribute a controlled substance (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846, and four counts of possession with intent to

distribute at least 5 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2, and from the 292-month prison sentence imposed after his conviction. Bolden argues that: (1) his decision to plead guilty was not knowing and voluntary due to ineffective assistance of counsel; (2) the district court committed plain error by misinforming him about the consequences of his guilty plea; (3) the sentence imposed at his resentencing hearing was substantively unreasonable; and (4) his sentence should have been reduced based on Amendment 706, and based on the racial disparity in sentencing as between crack cocaine and powder cocaine. After thorough review, we dismiss in part, and affirm in part.

"[E]xcept in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal." United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008) (quotations omitted). When, as here, a defendant raises a Rule 11 violation for the first time on appeal, we review only for plain error. United States v. Lejarde-Rada, 319 F.3d 1288, 1290 (11th Cir. 2003) (providing that under plain error review, the defendant has the burden to show that: (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings). We review a sentence a district court imposes for

2

"reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 127 S. Ct. 2456, 2465 (2007)). We review de novo the interpretation and application of, as well as questions of law arising from, the Guidelines, and review the underlying factual findings for clear error. United States v. Kapordelis, 569 F.3d 1291, 1314 (11th Cir. 2009); United States v. Foley, 508 F.3d 627, 632 (11th Cir. 2007).

First, we decline to address Bolden's argument that his decision to plead guilty to the charges against him was not knowing and voluntary because his counsel incorrectly informed him that if convicted, he faced a mandatory life sentence. As noted above, we generally will not address claims for ineffective assistance of counsel on direct appeal. "Instead, an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." Merrill, 513 F.3d at 1308 (quotations and brackets omitted). See also Massaro v. United States, 538 U.S. 500, 504-505 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance. When a ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not

3

developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.").

Here, the record on direct appeal was not sufficiently developed regarding the specific ineffective assistance of counsel claim raised by Bolden. We, therefore, decline to address this claim in its present posture, and dismiss this portion of Bolden's appeal without prejudice to a collateral proceeding brought for this purpose.

Next, we reject Bolden's claim that the district court plainly erred by misinforming him that by pleading guilty he faced a 20-year minimum mandatory sentence, when he was in fact facing a 10-year minimum mandatory sentence. "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Evans, 478 F.3d 1332, 1338 (11th Cir.) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)), cert. denied, 128 S. Ct. 257 (2007). In analyzing this question, the fact that a defendant did not move to withdraw his plea upon learning of the mistake is probative as to whether he would have insisted on a trial. See United States v. Bejarano, 249 F.3d 1304, 1306-07 (11th Cir. 2001).

Bolden does not explain how his rights were substantially affected by the district court's overstatement regarding his sentencing exposure at the plea hearing, and has not shown a reasonable probability that he would not have plead guilty had the district court accurately instructed him on the sentencing range that would result from his plea. Indeed, Bolden was willing to plead guilty to a sentence twice as long as the one he actually faced as a result of his plea. Thus, while Bolden was technically misinformed about the consequences of his guilty plea, the actual consequences were less dire than he thought, making it altogether unconvincing for him to now argue that he would not have pled guilty had he been properly informed. Simply put, Bolden has not established for purposes of plain error review how his substantial rights were affected, nor how the fairness, integrity, or public reputation of the judicial proceedings were affected.

We, likewise, find no merit in Bolden's argument that the sentence imposed at his resentencing hearing, where the district court reinstated the original 292-month prison sentence following Bolden's successful § 2255 motion, was substantively unreasonable. We must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 128 S. Ct. 586, 597 (2007)). A sentence may be substantively unreasonable

if it does not achieve the purposes of sentencing in § 3553(a).[1]  Id. at 1191.  We will remand if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  Id. (quotations omitted).

The reimposition of the same sentence under the procedures established in United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), is effectively a ministerial task that triggers appellate rights.  In fact, we have held that the district court need not conduct a second sentencing hearing, and the defendant does not have a constitutional right to be present for the reimposition of the original sentence.  United States v. Parrish, 427 F.3d 1345, 1348 (11th Cir. 2005) ("Under Phillips, the district court was required to re-sentence Parrish to the same sentence originally imposed[.]").

Consistent with Phillips, the district court here did not engage in additional fact-finding in the resentencing hearing, and reinstituted the same sentence

---

[1]  The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

originally imposed. That sentence, at the low end of the guidelines, was not substantively unreasonable. In reaching its sentencing decision, the district court adopted the facts set forth in the PSI, which had not been objected to, reviewed the advisory guideline range, and considered the remaining § 3553(a) factors in arriving at its sentencing decision. Among the considerations the district court weighed in denying a downward deviation or variance was Bolden's extensive criminal past. There is no basis on which to conclude that the district court made a clear error in judgment in weighing the § 3553(a) factors, and therefore, the court's sentence was not substantively unreasonable. Pugh, 515 F.3d at 1191.

Finally, we do not agree with Bolden's claim that his sentence should have been reduced based on Amendment 706, and based on the racial disparity in sentencing as between crack cocaine and powder cocaine. In United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 965 (2009), and cert. denied, 129 S. Ct. 1601 (2009), we held that defendants like Bolden, sentenced as career criminals, are ineligible for sentence reductions under Amendment 706. In United States v. Stratton, 519 F.3d 1305, 1306-1307 (11th Cir. 2008), we held that the district court may consider the crack-powder disparity in rendering its sentencing decision, but is not required to do so.

As Bolden concedes, his arguments are foreclosed by precedent. <u>Moore</u> and <u>Stratton</u> remain controlling on these issues, and the district court did not err in refusing to reduce his sentence.

**DISMISSED IN PART, AFFIRMED IN PART.**