[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 18, 2010
JOHN LEY
CLERK

_____

No. 09-10068

_____

D. C. Docket No. 06-00004-CR-FTM-99-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY LOUISUIS,
a.k.a. J.C.,
EXUIS LOUIS,
a.k.a. X-Man,
ELEX PIERRE,
a.k.a. Showtime,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(March 18, 2010)

Before BARKETT, PRYOR and HILL, Circuit Judges.

PER CURIAM:

Jimmy Louisuis, Exuis Louis, and Elex Pierre for the second time appeal their sentences for several drug offenses and a firearm offense. We reversed their original sentences and remanded to the district court for resentencing because of the intervening decision of the Supreme Court in Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007). United States v. Louisuis, No. 06-16682 (11th Cir. Sept. 26, 2008). On remand, the district court sentenced Louisuis, Louis, and Pierre each to a term of 120 months of imprisonment for the drug offenses and to a consecutive term of 60 months of imprisonment for the firearm offense. Louisuis and Louis contend that the district court erred by refusing to consider their arguments for relief under the safety valve and for a reduction for acceptance of responsibility. Louisuis, Louis, and Pierre argue that the district court erred by imposing a sentence of 60 months for the firearm offense to run consecutively to the sentence for the drug offenses. We affirm.

## I. BACKGROUND

A jury convicted Louisuis, Louis, and Pierre of conspiring to possess 50 or more grams of cocaine base with intent to distribute, 21 U.S.C. § 846; possessing 50 or more grams of cocaine base with intent to distribute, id. § 841(a)(1),

2

(b)(1)(A)(iii); maintaining a place for the purpose of manufacturing and distributing cocaine base, id. § 856(a)(1), (b); and possessing firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(a)(1)(A)(i). At the original sentencing proceedings, the district court sentenced Louisuis and Louis each to a term of 121 months of imprisonment for the drug offenses and a consecutive term of 60 months of imprisonment for the firearm offense. The district court sentenced Pierre to a term of 151 months of imprisonment for the drug offenses and a consecutive term of 60 months of imprisonment for the firearm offense.

Louisuis, Louis, and Pierre appealed their convictions and sentences. They argued that their sentences were unreasonable because the district court refused to consider the sentencing disparity between crack cocaine and powder cocaine offenses. During the pendency of that appeal, the Supreme Court held that a district court can consider the disparity. Kimbrough, 552 U.S. at 109, 128 S. Ct. at 574. As a result, we affirmed their convictions but reversed their sentences and remanded to the district court for resentencing in the light of Kimbrough. Louisuis, No. 06-16682 (11th Cir. Sept. 26, 2008).

On remand, the district court sentenced Louisuis, Louis, and Pierre each to a term of 120 months of imprisonment for the drug offenses and a consecutive term

of 60 months of imprisonment for the firearm offense. The government conceded and the district court ruled that Louisuis, Louis, and Pierre were eligible for relief under Amendment 706 to the Sentencing Guidelines, which retroactively lowered the offense levels for certain cocaine offenses. Louisuis and Louis also requested relief under the safety valve, 18 U.S.C. § 3553(f), and a reduction for acceptance of responsibility, United States Sentencing Guidelines § 3E1.1, but the district court rejected those requests based on the limited scope of the remand.

## II.  STANDARD OF REVIEW

We review <u>de novo</u> whether the district court complied with our mandate. <u>United States v. Amedeo</u>, 487 F.3d 823, 829 (11th Cir. 2007).

## III.  DISCUSSION

We divide our discussion of this appeal into two parts. First, we discuss whether the district court erred by refusing to consider Louisuis's and Louis's requests for relief under the safety valve and for a reduction for acceptance of responsibility. Second, we discuss whether the district court erred by sentencing Louisuis, Louis, and Pierre each to a consecutive term of 60 months of imprisonment for the firearm offense.

### A.  The District Court Did Not Err by Refusing to Consider the Requests for Relief Under the Safety Valve and for a Reduction for Acceptance of Responsibility.

A remand "for consideration in light of a particular decision is much more

4

limited in nature than a general vacation by an appellate court, and its effect is not to nullify all prior proceedings." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) (internal quotation marks omitted). When this Court issues a limited mandate, the district court is "restricted in the range of issues it may consider on remand." United States v. Davis, 329 F.3d 1250, 1252 (11th Cir. 2003). A district court is "obligate[d] . . . to follow our mandates and not to assert jurisdiction over matters outside the scope of a limited mandate." Tamayo, 80 F.3d at 1520 (citation omitted).

The district court did not err by refusing to consider Louisuis's and Louis's requests for relief under the safety valve and for a reduction for acceptance of responsibility. We issued a limited mandate to the district court to resentence Louisuis, Louis, and Pierre in the light of Kimbrough. This limited mandate permitted the district court "to reconsider the § 3553(a) factors in light of the Supreme Court's holding in Kimbrough" and to "combine this resentencing proceeding on remand with any additional proceeding the district court may determine is appropriate in light of the retroactive application of Amendment 706 to the crack-cocaine guidelines." United States v. Stratton, 519 F.3d 1305, 1307 (11th Cir. 2008). The limited mandate did not permit the district court to revisit whether Louisuis and Louis were entitled to relief under the safety valve or a

reduction for acceptance of responsibility.  See United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).

*B.  The District Court Did Not Err by Imposing a Consecutive Term of 60 Months of Imprisonment for the Firearm Offense.*

Louisuis, Louis, and Pierre contend that the prefatory "except" clause of section 924(c)(1)(A)(i) prohibits a district court from imposing a consecutive sentence when the mandatory minimum sentence for the underlying drug offense exceeds the mandatory minimum sentence for the firearm offense.  We recently rejected this argument in United States v. Segarra and held that section 924(c)(1)(A)(i) requires consecutive sentences even when the mandatory minimum sentence for the underlying drug offense exceeds the sentence for the firearm offense.  582 F.3d 1269, 1273 (11th Cir. 2009).  As a result, the district court did not err, plainly or otherwise, by sentencing Louisuis, Louis, and Pierre each to a consecutive term of 60 months of imprisonment for their convictions under section 924(c)(1)(A)(i) .

## IV.  CONCLUSION

We **AFFIRM** the sentences of Louisuis, Louis, and Pierre.

BARKETT, Circuit Judge, specially concurring:

I agree with the majority that this Court's precedent forecloses Louisius, Louis, and Pierre's argument that the district court erred by imposing consecutive sentences for their convictions under 18 U.S.C. § 924(c)(1)(A)(i). See United States v. Segarra, 582 F.3d 1269, 1273 (11th Cir. 2009).

However, I note that the United States Supreme Court has granted certiorari in two consolidated cases to resolve the circuit split over the issue in this case. Abbott v. United States, 574 F.3d 203 (3d Cir. 2009), cert. granted, 78 U.S.L.W. 3254 (U.S. Jan. 25, 2010) (No. 09-479); Gould v. United States, 329 Fed. App'x 569 (5th Cir. 2009) (unpublished), cert. granted, 78 U.S.L.W. 3430 (U.S. Jan. 25, 2010) (No. 09-7073).