[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16580
Non-Argument Calendar
_____

D.C. Docket No. 4:07-cr-00286-WTM-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUNG THIEN LY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 4, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Hung Thien Ly appeals his convictions and total sentence of 97 months' imprisonment for 129 counts of dispensing controlled substances outside the usual course of professional practice and without legitimate medical purpose, in violation of 21 U.S.C. § 841(a)(1).  Ly raises five issues on appeal.  He argues (1) the district court erred by excluding evidence that Ly refused to treat patients for violating his protocols; (2) the evidence was insufficient to support his convictions; (3) a deliberate ignorance instruction was inappropriate; (4) the district court erred at sentencing when it included the unindicted conduct and prescriptions as to three patients in its calculation of the total drug quantity; and (5) his 97-month total sentence was substantively unreasonable.  We address each issue and affirm.

## I.  Exclusion of Evidence

Ly first claims the district court erred by excluding evidence that he discharged or refused to treat eight other patients who violated or who were suspected of violating his protocols.  He contends this evidence bore directly on his state of mind and would have demonstrated his lack of criminal intent.

We review the district court's evidentiary rulings for an abuse of discretion. *United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011).  Federal Rule of Evidence Rule 404(b) provides that evidence of other acts may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b).  Specific instances of

2

conduct are inadmissible as character evidence, except in cases in which a person's character trait is an essential element of a charge, claim, or defense. Fed. R. Evid. 405(b). We have repeatedly held that evidence of good conduct is not admissible to negate criminal intent, based on Rules 404(b) and 405(b). *See United States v. Ellisor*, 522 F.3d 1255, 1270–71 (11th Cir. 2008).

The district court did not abuse its discretion in precluding Ly from introducing evidence that he discharged other patients who allegedly violated his screening protocols. This evidence is not probative of his intent with respect to the patients who received the drugs covered by the indictment. *See Ellisor*, 522 F.3d at 1270–71. Moreover, the addition of evidence regarding eight patients not in the indictment would have posed a significant risk of confusion of the issues. *Id.* at 1270 n. 20. Even if the district court had erred in excluding the evidence, the error did not prevent Ly from presenting an adequate defense because all of his protocols were, in fact, described for the jury through the trial testimony. *See United States v. Ethridge*, 948 F.2d 1215, 1218 (11th Cir. 1991) (noting that we will reverse the district court's exclusion of evidence that prevents the defendant from presenting an adequate defense).

## II. Sufficiency of the Evidence

Ly next claims the evidence was insufficient to support his convictions. We review *de novo* whether the evidence is sufficient to support a conviction, viewing

the evidence in the light most favorable to the prosecution and drawing all reasonable inferences and credibility choices in favor of the jury verdict. *United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir. 2013), *petition for cert. filed*, (U.S. July 10, 2013) (No. 13-5319). We will not reverse based on sufficiency of the evidence unless no reasonable trier of fact could have found guilt beyond a reasonable doubt. *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010).

To convict a licensed physician under § 841(a)(1), the Government must prove that the physician dispensed controlled substances outside of the usual course of professional practice and not for a legitimate medical purpose, and that he did so knowingly and intentionally. *Joseph*, 709 F.3d at 1094. Some factors that we have recognized as indicative of a doctor's illegitimate dispensation of drugs include, *inter alia*, (1) inordinately large quantities of controlled substances are prescribed; (2) large numbers of prescriptions are issued; and (3) only cursory or no physical examinations are given. *See Joseph*, 709 F.3d at 1104.

There was sufficient evidence to support Ly's convictions based on actual knowledge or deliberate ignorance. Ly dispensed such large quantities of controlled substances in the form of prescription Xanax, Lorcet, and Soma, that many pharmacies stopped filling his prescriptions. Despite the high doses he prescribed, he rarely examined his patients. He saw so many patients each day, there were lines outside his office. *See id.* Nearly all of Ly's patients were drug

4

addicts or dealers, and he required cash-only payments and often dispensed the drugs early. Further, he ignored warnings from concerned pharmacists and from patients' family members that many of his patients were abusing their prescriptions. *See id.* It was reasonable for the jury to infer that Ly knowingly and unlawfully dispensed controlled substances. *Farley*, 607 F.3d at 1333.

### III. Deliberate Ignorance Instruction

Ly next argues that a deliberate ignorance instruction was inappropriate because there was no evidence that he deliberately avoided learning facts that would indicate his patients' drug diversion or abuse. He claims his protocols were specifically designed to detect and prevent such abuse.

We review a challenge to a jury instruction *de novo*. *United States v. Stone*, 9 F.3d 934, 937 (11th Cir. 1993). An instruction on deliberate ignorance is appropriate only if the evidence shows that the defendant had suspicions as to facts at issue but the defendant deliberately avoided making further inquiries because he wished to remain ignorant to have a defense in the event of a subsequent prosecution. *United States v. Puche*, 350 F.3d 1137, 1149 (11th Cir. 2003).

The district court did not err in including the deliberate ignorance instruction in the jury charge. First, Ly avoided learning whether or not his patients' claimed ailments were legitimate or warranted long-term medication treatment. His regular patient visits lasted only 10–14 minutes each, during which time he performed no

5

physical exam.  Second, Ly was willfully blind to facts showing his patients' abuse

or diversion of the pills he prescribed them.  After Ly was directly informed by

patients' family members and pharmacists that some of his patients were severely

addicted to the pills they received from him, Ly continued to prescribe them.  The

evidence supported a deliberate ignorance theory.

### IV.  Drug Quantity

Ly argues the district court erred at sentencing by including drugs he

prescribed to three patients not covered by the indictment.  Without these

prescriptions, Ly claims the total drug weight would have corresponded to a base

level of 24 instead of 26.

We review a district court's factual determination of the quantity of drugs

used to establish a base offense level for clear error.  *United States v. Simpson*, 228

F.3d 1294, 1298 (11th Cir. 2000).  A court's application of the Sentencing

Guidelines is reviewed *de novo*.  *United States v. Norris*, 452 F.3d 1275, 1280

(11th Cir. 2006).  When a defendant objects to a factual finding that is used in

calculating his guideline sentence, the Government bears the burden of establishing

the disputed fact by a preponderance of the evidence.  *United States v. Rodriguez*,

398 F.3d 1291, 1296 (11th Cir. 2005).

The Guidelines Manual provides that types and quantities of drugs not

specified in the count of the conviction are to be included, as relevant conduct, in

determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction.  U.S.S.G. § 1B1.3(a)(2), cmt. n. 9 (Nov. 2011).   We broadly interpret the provisions of the relevant conduct guideline.  *United States v. Behr*, 93 F.3d 764, 765 (11th Cir. 1996).

The district court did not clearly err in finding that Ly's treatment of three patients not covered by the indictment constituted relevant conduct.  The three patients' grand jury testimony mirrored the trial testimony of the patients covered by the indictment.  Thus, the court did not err in finding both groups' treatments were part of a common scheme, or ongoing series, or by including the drugs in calculating Ly's base offense level.

## V.  Substantive Reasonableness

Finally, Ly argues his 97-month sentence was substantively unreasonable because the court should have granted his request for a downward variance based on policy considerations.  Specifically, he claims the court failed to account for the disparity produced by the marijuana-conversion ratio, which punishes the unlawful prescription of Adderall as harshly as more dangerous forms of amphetamine and methamphetamine.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 128 S. Ct. 586, 591 (2007).  The party

who challenges the sentence bears the burden of establishing the sentence is unreasonable in the light of both the record and the factors in section 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Although a court may vary from the guideline range based on policy considerations, such as a disagreement with the reasoning of the Guidelines, the court is not required to do so. *See United States v. Stratton*, 519 F.3d 1305, 1307 (11th Cir. 2008) (discussing *Kimbrough v. United States*, 128 S. Ct. 558 (2007)).

Ly fails to demonstrate that his sentence is substantively unreasonable. Although he argues that a sentencing court may grant a downward variance based on a disagreement with the reasoning of the Guidelines, he does not cite any authority holding that a court is required to do so. *Cf. Stratton,* 519 F.3d at 1307. Further, his 97-month total sentence is within the applicable 78–97 month guideline range, and below the twenty-year statutory maximum penalty. The court stated that it had considered the facts of the case and each of the § 3553(a) factors, and found no reason to depart from the guidelines. Thus, the court did not abuse its discretion.

**AFFIRMED.**

8