[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-13386
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 94-00146-CR-T-23EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY LEE FIELDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 24, 2008)

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Jimmy Lee Fields appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for reduction of sentence.  After review, we affirm.

## I. BACKGROUND

In April 1995, a jury found Fields guilty of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 864. Because Fields's offense involved both crack cocaine and powder cocaine, the presentence investigation report ("PSI") converted the amount of each substance into its marijuana equivalent and set Fields's base offense level at 34. Based on a total offense level of 34, and a criminal history category of III, the PSI calculated a guidelines range of 188 to 235 months' imprisonment.

However, Fields had prior felony drug convictions, which subjected him to a mandatory minimum term of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii). Because the guidelines range of 188 to 235 months was lower than the statutory mandatory minimum life sentence, the statutory mandatory minimum life sentence became his guidelines sentence. See U.S.S.G. § 5G1.1(b) (making the statutory mandatory minimum sentence the guidelines sentence if it is greater than the high end of the otherwise applicable guidelines range). The district court adopted the PSI's factual findings and guidelines calculations and imposed a life sentence.

On March 3, 2008, Fields filed a § 3582 motion, seeking a modification of his sentence of life imprisonment. The motion was based on Amendment 706 to

the Sentencing Guidelines, which lowered the offense levels under U.S.S.G. § 2D1.1 for offenses involving crack cocaine and was made retroactive by Amendment 713. See U.S.S.G. app. C, amends. 706, 713; United States v. Stratton, 519 F.3d 1305, 1307 (11th Cir. 2008).

The district court denied the motion, concluding that it was not authorized to reduce Fields's sentence. The district court explained that, because Fields was sentenced to a statutory mandatory minimum term of imprisonment, Amendment 706 did not lower Fields's applicable guidelines range. Fields filed this appeal.

## II. DISCUSSION

Section 3582(c)(2) prohibits a court from modifying a term of imprisonment after it has been imposed except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1) (Supp. May 1, 2008). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B) (May 1, 2008) (providing that a

reduction is not authorized by § 3582(c)(2) if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range").[1]  Thus, if the defendant's original sentence for a crack cocaine offense was based on something other than § 2D1.1's drug quantity tables, such as a career offender provision or a statutory mandatory minimum sentence, the defendant is not eligible for a sentence reduction because Amendment 706 does not lower the defendant's sentencing range.  See Moore, 541 F.3d at 1327-28 (11th Cir. 2008); U.S.S.G. § 1B1.10, cmt. n.1(A) (Supp. May 1, 2008).

Here, Fields's life sentence was based not on the amount of crack cocaine attributed to him, but rather on the statutory mandatory minimum life sentence in 21 U.S.C. § 841(b).[2]  Thus, although Amendment 706 lowered the base offense level for Fields's crack cocaine offense, it did not lower his applicable guidelines range.  Even after Amendment 706, Fields's sentencing range remains life imprisonment pursuant to U.S.S.G. § 5G1.1(b).  Therefore, the district court correctly concluded that it lacked authority under § 3582(c)(2) to reduce Fields's sentence.

---

[1]We review de novo a district court's legal conclusion regarding the scope of its authority to modify a sentence under § 3582(c)(2).  United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

[2]Fields's arguments that the district court did not impose a life sentence pursuant to § 841(b) and that the government abandoned its argument that the life sentence was based on § 841(b) are without merit.

We reject Fields's argument that the district court violated United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), by treating the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10(a)(2)(B) as mandatory. Section 3582(c)(2), which is not advisory, independently authorizes a district court to modify a sentence only when the defendant's original sentence is "based on a sentencing range that has subsequently been lowered" by an amendment to the Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2). And, because Fields is not eligible for a reduction under § 3582(c)(2)'s standard, the district court had no occasion to consider the 18 U.S.C. § 3553(a) factors and exercise its discretion to impose a new sentence.

Likewise, because Fields is not eligible for resentencing under § 3582(c)(2), we do not address Fields's remaining arguments concerning the procedures a district court must follow and the standards it must apply in determining whether to exercise its discretion and reduce a sentence. Finally, Fields's arguments regarding the deficiencies in his § 851 information are outside the scope of this proceeding, and we do not address them. See 18 U.S.C. § 3582(c)(2) (limiting proceedings under the statute to cases where a retroactive amendment affects the applicable guidelines range).

**AFFIRMED.**

5