[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16366
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 93-00228-CR-T-24-A

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR ANTONIO ANCHICO-MOSQUERA,
a.k.a. Willie Willie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 28, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Omar Antonio Anchico-Mosquera, through counsel, appeals the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his sentence based on Amendment 706 to the Sentencing Guidelines. We find no abuse of discretion and AFFIRM.

## I. BACKGROUND

Anchico-Mosquera was sentenced in 1994 to life imprisonment for conspiring to possess crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 846, and possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Prior to trial, the government had filed an information and notice pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851 advising that Anchico-Mosquera was subject to an enhanced mandatory sentence of life imprisonment because the amount of crack cocaine involved exceeded fifty grams and he had at least two prior felony drug convictions.

In March 2008, Anchico-Mosquera filed a § 3582(c)(2) motion to modify his sentence based on Amendment 706. The district court concluded that Anchico-Mosquera was not eligible for a sentence reduction because Amendment 706 did not affect his mandatory minimum sentence.

On appeal, Anchico-Mosquera argues his life sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2848 (2000), because no drug quantity was alleged in the indictment or proven to the jury beyond a reasonable doubt. He also

2

challenges his life sentence based on the government's allegedly defective § 851 notice of an enhanced penalty. Furthermore, Anchico-Mosquera maintains that the district court erroneously denied his § 3582(c)(2) motion without considering: (1) his rehabilitation efforts and other factors listed in 18 U.S.C. § 3553(a), and (2) the racial disparity in the treatment of crack and powder cocaine offenses discussed in Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558 (2007).

## II. DISCUSSION

We review the denial of a § 3582(c)(2) motion for abuse of discretion and the district court's legal interpretations de novo. See United States v. Williams, 549 F.3d 1337, 1338-39 (11th Cir. 2008) (per curiam). Pursuant to § 3582(c)(2), a district court may modify a defendant's sentence that was based on a sentencing range that has been subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). Amendment 706 is one such retroactive amendment that reduces the base offense levels in § 2D1.1 for certain crack cocaine offenses. See Williams, 549 F.3d at 1339. A defendant is not eligible for a sentence reduction under Amendment 706, however, if his sentence was based on something other than his base offense level in § 2D1.1, such as a statutory mandatory minimum. See id. Furthermore, because a sentencing adjustment under § 3582(c)(2) does not constitute a de novo resentencing, the district court must leave intact all original

3

sentencing determinations except for the amended guideline range.  See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam).

It is undisputed that Anchico-Mosquera's life sentence was based on the statutory mandatory minimum term required under 21 U.S.C. § 841(b)(1)(A), rather than his base offense level under § 2D1.1.  Amendment 706 thus did not lower his applicable guidelines range.  Accordingly, the district court correctly denied his § 3582(c)(2) motion on this basis.  See Williams, 549 F.3d at 1342 (concluding that Williams was not entitled to a sentence reduction under Amendment 706 because he was subject to a statutory mandatory minimum that replaced his original sentencing guideline range under § 2D1.1).

The remainder of Anchico-Mosquera's contentions are without merit.  First, the district court correctly refused to reduce his sentence based on an alleged Apprendi violation.  The plain language of § 3582(c)(2) only permits modifications to a sentence based on guideline amendments by the Sentencing Commission, not Supreme Court decisions.  See 18 U.S.C. § 3582(c)(2); see also Moreno, 421 F.3d at 1220 (concluding that "Booker is inapplicable to § 3582(c)(2) motions" because "Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission").  Second, Anchico-Mosquera's "arguments regarding the deficiencies in his § 851 information are outside the

4

scope of this proceeding, and we do not address them." United States v. Fields, 300 Fed. Appx. 774, 777 (11th Cir. 2008) (per curiam) (unpublished); see also United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000) (concluding that § 3582(c)(2) "does not grant to the court jurisdiction to consider extraneous resentencing issues"). Third, because Anchico-Mosquera was ineligible for a reduction under § 3582(c)(2), the district court had no need to consider the 18 U.S.C. § 3553(a) factors in determining whether to modify his sentence. Finally, we may not address the issue of racial disparity in crack cocaine sentences as Kimbrough does not apply to § 3582(c)(2) proceedings. See United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir. 2009) (per curiam), petition for cert. filed (Feb. 10, 2009) (No. 08-8664) (concluding that Kimbrough only addressed the crack/powder disparity with respect to original sentencing proceedings as opposed to § 3582(c)(2) proceedings) .

## III. CONCLUSION

As Anchico-Mosquera's mandatory minimum sentence was not affected by Amendment 706, we AFFIRM the district court's denial of his § 3582(c)(2) motion for a sentence reduction.

**AFFIRMED.**

5