[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11531
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 16, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-14028-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MITCHELL MARION,
a.k.a. Marion Mitchell,
a.k.a. M&M,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 16, 2008)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Mitchell Marion, a federal prisoner who was convicted of a crack cocaine offense, appeals the denial of his motion to reduce his 137-month sentence, filed

pursuant to 18 U.S.C. § 3582(c)(2). On appeal, Marion argues that the district court abused its discretion in denying his motion because it based its decision on his criminal history, a factor that the court had already considered in imposing his original sentence. After thorough review, we affirm.

We review a district court's decision not to grant a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), for an abuse of discretion. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005).

A district court is forbidden from modifying a term of imprisonment once it has been imposed except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). In such a case, a court may reduce the term of imprisonment after it considers the factors in 18 U.S.C. § 3553(a) to the extent they are applicable, if the reduction is consistent with the applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

The policy statement applicable here provides that if a defendant's Guidelines range has "subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)" and

"any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S.S.G. § 1B1.10(a)(1) (Supp. May 1, 2008). Effective November 1, 2007, Amendment 706 -- listed in U.S.S.G. § 1B1.10(c), and thus, retroactively applicable, see U.S.S.G. App. C, Amend. 713; United States v. Stratton, 519 F.3d 1305, 1307 (11th Cir. 2008) -- reduced the base offense level for offenses involving at least 20 but less than 35 grams of crack cocaine from 28 to 26. See U.S.S.G. App. C, Amend. 706; compare U.S.S.G. § 2D1.1(c)(6) (2006) with U.S.S.G. § 2D1.1(c)(7) (2007). In addition, the Guidelines provide,

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

Consistent with these Guidelines provisions, we have held that before deciding whether to reduce a defendant's sentence under § 3582(c)(2), a "district court must make two distinct determinations." United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). First, the court must determine the sentence it would have imposed, given the defendant's amended guideline range and holding all

3

other guideline findings made at the original sentencing hearing constant. Id.; United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Second, the court must consider the factors in § 3553(a) and then determine, in its discretion, whether to reduce the defendant's sentence. Vautier, 144 F.3d at 760; Bravo, 203 F.3d at 781; U.S.S.G. § 1B1.10, cmt. n.1(B)(i).[1]

"Although the district court must undertake the two-step analysis . . . , the district court is not required to reduce the defendant's sentence." Vautier, 144 F.3d at 760. "The district court is not required to articulate specifically the applicability, if any, of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." Vautier, 144 F.3d at 762 (quotation omitted). Furthermore, "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction . . . ." U.S.S.G. § 1B1.10, cmt. n.1(B)(ii).

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to: (A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) afford adequate deterrence; (C) protect the public; (D) provide the defendant with educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) the pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(a)(7).

We are unpersuaded by Marion's argument on appeal. As the record shows, the district court undertook Vautier's two-step analysis: (1) it first correctly determined that Marion's new guideline range would be 120 months after application of Amendment 706; and (2) it then properly considered the § 3553(a) factors, denying the motion based on Marion's criminal history -- including convictions for drug offenses, theft offenses, and offenses involving violence -- which is relevant to the factors listed in 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). Vautier, 144 F.3d at 762-63; U.S.S.G. § 1B1.10, cmt. n.1(B)(i). Indeed, the district court is specifically directed by statute and the Guidelines to consider the § 3553(a) factors in considering whether to grant a sentence reduction -- including the danger that a defendant poses to any person or the community, which is directly tied to a defendant's criminal history. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1(B)(i), (B)(ii). These are the same factors that the court is required to consider when sentencing a defendant in the first instance. See Gall v. United States, 128 S.Ct. 586, 596 (2007) (providing that, in sentencing a defendant, a district court must consider the factors in 18 U.S.C. § 3553(a)). Thus, the district court's consideration of Marion's criminal history was proper even though this was the same factor it considered at his original sentencing hearing. See Vautier, 144 F.3d at 759, 762-63 (holding that a district court properly denied a § 3582(c)(2) motion

when the court based the denial on the very same considerations present at the defendant's original sentencing hearing).  In short, the district court did not abuse its discretion in denying his § 3582(c)(2) motion, and accordingly, we affirm.

**AFFIRMED.**