

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2008

# USA v. Shoemake

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2127

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Shoemake" (2008). *2008 Decisions*. Paper 490.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/490

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2127
_____

.

UNITED STATES OF AMERICA

vs.

JAVON SHOEMAKE,
 Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 06-cr-00353-01)
District Judge:  Honorable Bruce W. Kauffman

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2008
Before: McKEE, SMITH, and WEIS, Circuit Judges.
Filed: September 25, 2008

_____

OPINION

_____

WEIS, Circuit Judge.

 Javon Shoemake pleaded guilty to conspiracy to possess with intent to

distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 846,

1

distribution and possession with intent to distribute cocaine base ("crack") in violation of various provisions of 21 U.S.C. § 841, and aiding and abetting in violation of 18 U.S.C. § 2.

At Shoemake's April 4, 2007 sentencing, the District Court found that his total offense level of 34 and criminal history category I resulted in an advisory guideline range of 151-188 months. The Court sentenced Shoemake to 151 months of incarceration based on the 100 to 1 disparity between the recommended sentences for crack and powder cocaine offenses involving the same quantity of the offending substance in the 2006 United States Sentencing Guidelines and other sentencing factors.

On appeal, Shoemake argues that he should be resentenced because the District Court did not consider whether the disparate treatment of crack cocaine and powder cocaine in the Guidelines produced an unnecessarily long sentence.

In Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), the Supreme Court held that district courts could conclude "when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." Kimbrough is in harmony with our decisions in United States v. Cooper, 437 F.3d 324 (3d Cir. 2006), and United States v. Gunter, 462 F.3d 237 (3d Cir. 2006). Gunter, which was decided on September 11, 2006, prior to Shoemake's plea and sentencing, held that the 100 to 1 crack/powder cocaine ratio should be treated "as simply advisory at step three of the post-Booker sentencing process (imposing the actual

sentence after considering the relevant § 3553(a) factors)." Gunter, 462 F.3d at 249.

Thus, Shoemake could have objected to the disparity before the District Court and may

not raise it for the first time on appeal. See United States v. King, 518 F.3d 571, 576-77

(8th Cir. 2008) (defendant could not raise the issue of the crack/powder cocaine disparity

for the first time on appeal).

On November 1, 2007, however, the United States Sentencing Commission

adopted Amendment 706 to the advisory Guidelines. "In general, the effect of

Amendment 706 is to decrease by two levels the base offense levels for crack cocaine

offenses." United States v. Wise, 515 F.3d 207, 219 (3d Cir. 2008) (citing U.S.S.G. §

2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. to App'x C, Amend. 706). On March 3, 2008,

Shoemake became eligible for retroactive application of the reduced advisory crack

guidelines. See U.S.S.G. § 1B1.10 (Supp. March 3, 2008).

In Shoemake's case, the application of the amendment would result in a 2-

level reduction, reducing the advisory range from 151-188 months to 121-151 months. In

its brief, the government agreed that, if the amendment became retroactive and no new

information emerges with respect to the danger Shoemake poses to society, his sentence

should be reduced to 121 months, one month above the mandatory minimum, should he

3

file a motion under 18 U.S.C. § 3582(c)(2).[1]

In light of the government's admission, we will remand this case to the District Court so that it can decide whether to reduce the sentence based on the amended advisory range and the standard set forth in § 3582(c)(2). See United States v. Marcello, 13 F.3d 752, 756 n.3, 758 (3d Cir. 1994), superseded on other grounds by U.S.S.G. § 5K2.20 (2000), as recognized in United States v. Spinello, 265 F.3d 150, 160 (3d Cir. 2001).

---

[1] Section 3582(c)(2) provides a mechanism for a defendant to receive, at the district court's discretion, a reduction in a sentence that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).