UNITED STATES of America

v.

Tyrone MARTIN.

Criminal Action No. 00–710.

United States District Court, E.D. Pennsylvania.

March 11, 2009.

Joseph G. Poluka, U.S. Attorney's Office, Philadelphia, PA, for Plaintiff.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Petitioner Tyrone Martin ("Petitioner") is serving a 144–month term of imprisonment for federal offenses involving possession with intent to distribute cocaine base ("crack") and carrying a firearm during and in relation to a drug trafficking crime. Petitioner was subsequently convicted in state court of murder and was sentenced to serve a consecutive life sentence following the completion of his federal sentence. He now seeks the reduction of his drug sentence to reflect Amendment 706 to the United States Sentencing Commission Guidelines (the "Guidelines"), which altered § 2D1.1 of the Guidelines to reduce the sentencing ranges applicable to crack offenses. Petitioner's motion for a sentence reduction will be denied because of his violent past and the danger he poses to the community.

## I. BACKGROUND

### A. *Petitioner's Sentence*

Petitioner was charged by an indictment on November 30, 2000 for: (1) possession with intent to distribute crack, in violation of 21 U.S.C. § 841(a)(1) ("Count One"); and (2) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Two").

At sentencing, the Court found that Petitioner's Total Offense Level was 28 with a Criminal History Category of I. Under the Guidelines, Petitioner was facing the following prison terms: (1) a guideline range of 78 to 97 months imprisonment for Count One; and (2) a mandatory, consecutive 60–month term of imprisonment for Count Two. On January 31, 2002, the Court sentenced Petitioner to a term of 144 months imprisonment—84 months for Count One and 60 months for Count Two to be served consecutively.

### B. *Changes to the Sentencing Guidelines*

On November 1, 2007, the United States Sentencing Commission (the "Commission") adopted Amendment 706 to the Guidelines to address what the Commission had come to view as unwarranted disparities in the sentences of defendants who possess or distribute various forms of cocaine. Prior to November 1, 2007, the Guidelines provided for a 100–to–1 ratio in sentences for crimes involving cocaine powder compared to those involving

crack.[1] For example, § 2D1.1 of the Guidelines provided the same base offense level for a crime involving 150 kilograms or more of cocaine powder and for one involving 1.5 or more kilograms of crack. U.S.S.G. § 2D1.1(c)(1) (2006).

Under the November 1, 2007 amendment, the ratio between powder and crack sentences has been decreased. For example, 150 kilograms of cocaine powder is now treated as the equivalent of 4.5 kilograms of crack. U.S.S.G. § 2D1.1(c)(1) (2007). The bottom line for individual defendants is that a defendant sentenced under § 2D1.1 for a crack offense after November 1, 2007 receives a base offense level that is two levels lower than what he would have received for the identical offense if he had been sentenced before the November 1, 2007 amendment. 2 Federal Sentencing Guidelines Manual App. C 1160 ("Appendix C").

The Commission also altered the calculation of base offense levels for offenses involving crack and other controlled substances to reduce the impact of a crack conviction. *Id.* at 1158–59. The base offense level for these offenses is determined by converting the amount of each substance into a comparable amount of marijuana and then determining the base offense level for that amount of marijuana. U.S.S.G. § 2D1.1, comment 10(A)-(E). Amendment 706 provides that a given amount of crack translates into a lesser quantity of marijuana than it did under the old Guidelines. Appendix C at 1158; *compare* U.S.S.G. § 2D1.1 (2007), *with* U.S.S.G. § 2D1.1 (2006). Thus, post-Amendment 706 Guidelines ranges for crimes involving crack and other controlled substances are also lower than ranges for the same crimes pre-amendment.

The Commission based Amendment 706 on "its analysis of key sentencing data about cocaine offenses and offenders; [a] review[ ][of] recent scientific literature regarding cocaine use, effects, dependency, prenatal effects, and prevalence; research[ ][on] trends in cocaine trafficking patterns, price, and use; [a] survey[ ] [of] the state laws regarding cocaine penalties; and [the Commission's] monitor[ing] [of] case law developments." Appendix C at 1159–60. This information led to the conclusion that "the 100–to–1 drug quantity ratio significantly undermines various congressional objectives set forth in the Sentencing Reform Act and elsewhere." *Id.* at 1160. The Commission "predicts that, assuming no change in the existing statutory mandatory minimum penalties, this modification to the Drug Quantity Table will affect 69.7 percent of crack offenses sentenced under § 2D1.1 and will result in a reduction in the estimated average sentence of all crack offenses from 121 months to 106 months …." *Id.* at 1160–61.

## II. MOTION FOR RESENTENCING

Petitioner moves, pursuant to 18 U.S.C. § 3582, for a reduction of his sentence because of recent changes to the Guidelines in the treatment of offenses involving crack. Section 3582(c)(2) provides the authority to reduce a sentence if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(1)(ii). The applicable policy statement, Section 1B1.10(a), provides that if "the guideline range applicable to th[e] defendant has …

---

1. This ratio was derived from the 100–to–1 ratio created by Congress in its statutory mandate of minimum sentences for cocaine offenses. *See* Anti–Drug Abuse Act of 1986, 21 U.S.C. § 841(b)(1) (requiring a five-year mandatory minimum penalty for a first-time trafficking offense involving 5 grams or more of crack, or 500 grams of powder cocaine).

been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below," a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a).

### A. Petitioner is Eligible for Resentencing for Count One Under Amendment 706

■ Count One of Petitioner's original sentence was based on the sentencing guideline ranges before Amendment 706 was enacted and therefore Petitioner is eligible for resentencing pursuant to 18 U.S.C. § 3582. Petitioner's applicable guideline range has been lowered as a result of Amendment 706. Petitioner was held responsible for 24.49 grams of crack. This translated to a base offense level of 28. Level 28, along with a Criminal History Category of I, placed the original guideline range between 78 and 97 months imprisonment. Under the Guidelines, Petitioner was sentenced to 84 months imprisonment.

While Amendment 706 does not change the Criminal History Category, in this case, it does lower Petitioner's base offense level. Under Amendment 706, possession of 24.49 grams of crack results in a base offense level of 26, rather than 28. See U.S.S.G. § 2D1.1(c). This translates to a sentencing range of 63 to 78 months imprisonment. Therefore, because Petitioner was sentenced based on a guideline range affected by Amendment 706, he is eligible for a sentence reduction.[2]

### B. Petitioner's Sentence Shall be Considered as a Whole.

Section 1B1.10(b)(2)(C) of the Guidelines limits the extent of sentence reductions. This section mandates that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). Under these guidelines, some courts have treated the counts of the entire sentence separately. These courts have found that even if a reduction is granted for the crack count term of imprisonment, any consecutive term of incarceration, originally imposed and not subject to consideration of reduction under an amendment to the Guidelines, remains undisturbed. See e.g. United States v. Byrd, No. 2:97–cr–99–5, 2008 WL 2421644, at *2 (S.D.Ohio, June 13, 2008) (reducing crack count sentence from 92 months to 80 months but consecutive term of 60 months imprisonment for a separate count remains in effect); United States v. Esquivel, No. 2:00–CR–00031 BSJ, 2008 WL 2570907, at *5 (D.Utah, June 25, 2008) (reducing sentence for Counts I, II, and IV related to crack offenses but finding the consecutive term of 60 months imprisonment for Count III was not eligible for reduction under amendments); United States v. Turner, No. 6:94–CR–238–1, 2008 WL 952986, at *1 (D.S.C., April 8, 2008) (reducing term of imprisonment to 205 months—"145 months for Count One, and 60 months, to run consecutively, for Count Two").

Under this analysis, because Petitioner has already served his 84 months imprisonment for Count One, and Count Two is not eligible for reduction under Amendment 706, any application of Amendment 706 in this case would result only in a reduction of the sentence to time already served.

In this case, however, while Petitioner has already served the first 84 months of

---

2. Count Two of Petitioner's sentence is based on a mandatory 60 month imprisonment and is unaffected by Amendment 706. Therefore Petitioner is not eligible for a sentence reduction on Count Two.

his sentence, equivalent to Count One, the Government takes the position that the sentence (both Count One and Count Two) should be considered as a whole when evaluating a sentence reduction request under Amendment 706.[3] Because the Government treats Petitioner's sentence as a whole, this Court will adopt such treatment and address the merits of the case.

C. *Petitioner's Status as a Violent Offender Precludes Him from Receiving a Sentence Reduction.*

■ Although Petitioner may be eligible for a sentence reduction, the granting of a reduction is not an automatic right. *See, e.g., United States v. Williams,* Crim. No. 06–254, 2009 WL 78065, at *1 (D.N.J. Jan. 9, 2009); *United States v. Robinson,* Crim. No. 06–34 Erie, 2008 WL 2578043, at *2 (W.D.Pa. June 26, 2008). Before a reduction may be granted, the court must consider "the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. Wise,* 515 F.3d 207, 220–21 (3d Cir.2008). These

factors include: (1) the nature of the circumstances of the offense; (2) the need for the sentence to reflect the seriousness of the offense, deterrence of future crime, rehabilitation, and to protect the public; (3) the kinds of sentences available; and (4) pertinent policy statements. 18 U.S.C. § 3553(a).

Particularly relevant here is the nature and seriousness of the danger Petitioner poses to the community, and the post-sentencing conduct of the Petitioner. U.S.S.G. § 1B1.10, cmt. 1(B)(ii)-(iii); *see also United States v. Shoemake,* 293 Fed. Appx. 926, 927–28 (3d Cir.2008) (applying reduction if "no new information emerges with respect to the danger the defendant poses to society"); *United States v. Marion,* 293 Fed.Appx. 731, 733 (11th Cir. 2008); *United States v. Foxworth,* No. 08–13326, 2008 WL 5195183, at *1 (11th Cir. Dec. 12, 2008); *United States v. Finney,* Crim. No. 99–0101, 2008 WL 2435559, at *1 (W.D.Pa. June 16, 2008).

Courts are divided on the extent to which a defendant's behavior before and after imprisonment militates against sentence reductions.[4] These decisions empha-

---

**3.** Apparently, this is the position of the United States Attorney's Office in this district in all cases where this issue arises.

**4.** *Compare United States v. Gilbert,* No. 96–CR–20045, 2008 WL 2858009, at *3 (W.D.Mich. July 22, 2008) (refusing to apply reduction because the defendant was charged with assault with intent to commit murder before being sentenced for cocaine convictions, and received nine incident reports and served eight detentions while incarcerated); *United States v. Monday,* No. 03–CR–61, 2008 WL 4239012, at *2–3 (W.D.Mich. Sept. 9, 2008) (refusing to grant reduction when the defendant assaulted a corrections officer and had a cell phone in violation of prison policy, posing a threat to those around him and indicating an inability to follow simple rules); *United States v. May,* Crim. No. 93–00163–WS, 2008 WL 2790212, at *2 (S.D.Ala. July

18, 2008) (refusing to apply sentence reduction, despite no prior criminal history, because post-sentencing conduct involved drug and weapon violations, disobeying prison officials, inciting inmate riots, and threatening physical harm); *with United States v. Graham,* Crim. No. 3:00–cr–58 (AHN), 2008 WL 1817988, at *2 (D.Conn. Apr. 18, 2008) (granting reduction based on probation officer's addendum recommending reduction based presumably on the fact that no public safety factors were implicated by Graham's offense conduct, but refusing to reconsider further reduction requested because of the seriousness of the offense and sanctions while incarcerated); *United States v. Cruz,* Crim. No. 1:CR–95–204–01, 2008 WL 4671793, at *2 (M.D.Pa. Oct. 17, 2008) (granting reduction based on consideration of relevant factors, nature of the danger defendant may pose to society if sentence is reduced, and post-

size the need for careful case by case analysis of the potential public safety risks associated with a sentence reduction.

The nature and circumstances of Petitioner's offense are serious. Petitioner was found wearing a bullet resistant vest and carrying a loaded 9 millimeter Smith and Wesson pistol at the time of his arrest. (PSR, ¶ 7.) He also stated he had a second Colt .380 gun in his car. A search of his car revealed 24.49 grams of crack, along with a loaded magazine for an AK 47 assault rifle, fifteen 12 gauge shotgun shells, thirty-five rounds of .25 caliber ammunition, and a blackjack club. This arrest took place during a confrontation with police while Petitioner was on probation for a previous firearm violation in state court.

Although at the time of his sentence, Petitioner was classified under Criminal History Category I, Petitioner's history and characteristics reveal a proclivity toward violence. This is evinced by his multiple arrests over several years, many of which involved violent conduct toward his victims.[5] Petitioner was also convicted of carrying firearms without a license and carrying firearms in public. He was sentenced to probation, which he violated by committing these drug offenses. As the sentencing court explained at the time of sentencing, Petitioner's sentence was intended to reflect the objectives of the sentencing guidelines "through a lengthy period of incarceration in this case." (Sentencing Tr. 14).

Furthermore, after Petitioner was sentenced in this case, he was arrested for first degree murder, convicted, and later sentenced by a state court to serve a term of life imprisonment, consecutive to his federal sentence.[6] There are no reports from the Bureau of Prisons to suggest any positive or negative post-sentencing behavior, therefore the Court must assume Petitioner's behavior while incarcerated has been free from misconduct.

conviction conduct, despite state conviction for attempted murder for which defendant was currently serving a state prison sentence); *United States v. Dobbins*, No 3:01–CR–174, 2008 WL 3897535, at *3–4 (E.D.Tenn. Aug. 19, 2008) (granting reduction despite prior conviction and other arrests for violent behavior when defendant had no post-sentencing incident reports, enrolled in GED classes while incarcerated, and presented no evidence he was a risk of danger to the community).

A defendant's post-sentencing conduct does not warrant an automatic denial of a sentence reduction. *See, e.g., United States v. Ayala*, 540 F.Supp.2d, 676, 680 (W.D.Va.2008) (reasoning that infractions committed while incarcerated are punishable by the Bureau of Prisons). The court in *United States v. Miller* extended this analysis by considering the defendant's post-sentencing misconduct as only a factor in determining a sentencing reduction rather than an automatic denial of a motion for sentence reduction. *United States v. Miller*, No. 3:01–CR118, 2008 WL 782566, at *3 (E.D.Tenn. Mar. 21, 2008) (granting reduction in sentence based on positive conduct such as obtaining his GED and completing educational classes, and also noting that although defendant will not immediately return to the community because he will serve a state sentence consecutively to his federal sentence, the federal sentence reduction will result in the defendant entering the community sooner than he otherwise would).

5. Petitioner has been arrested for offenses such as robbery, carjacking, kidnapping, simple assault, terroristic threats, recklessly endangering another person, and endangering the welfare of children.

6. Petitioner was seen receiving a bag from the victim in a suspected drug transaction, and then shot the victim several times in the neck, chest, and legs. (PSR, ¶ 33.) Curiously, the PSR indicates June 27, 2001 as the date on which Petitioner committed first degree murder. *Id.* The very same PSR also states that Petitioner has been in federal custody since his indictment on November 30, 2000. Clearly the June 27, 2001 date for the murder is in error.

Finally, the Court examines Petitioner's motion in light of the policy reasons behind Amendment 706 and its intended effect. Amendment 706 was passed to address the disparity between offenses involving cocaine powder and those involving crack. From this policy statement it may be inferred that sentence reductions are warranted in situations where the offense involved only crack; but where an individual was sentenced based on factors other than possession or distribution of crack cocaine, as in this case, the reason for a reduction of sentence is much less compelling.

Taking all factors into consideration, the Court concludes that, although Petitioner is technically eligible for a sentence reduction under the Guidelines, the nature and circumstances of the offense, the Petitioner's history of violence, and the policy behind the enactment of Amendment 706, strongly militate against a sentence reduction. Therefore, the Court declines to apply a sentence reduction under 18 U.S.C. § 3582(c)(2).

## III. CONCLUSION

For the reasons set forth above, the motion for a reduction in sentence will be denied. An appropriate order follows.

### *ORDER*

**AND NOW,** this **11th day of March 2009,** it is hereby **ORDERED** that, for the reasons set forth in the accompanying memorandum, the motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. nos. 135, 137) is hereby **DENIED.**

**AND IT IS SO ORDERED.**