[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15155
Non-Argument Calendar

_____

D. C. Docket No. 95-00728-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGGIE WHITE,
a.k.a. Reggie A. White,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 19, 2007)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Reggie White appeals his reduced 204-month sentence, which was imposed following the Government's second motion to reduce sentence, pursuant to Federal Rule of Criminal Procedure 35(b). White was originally sentenced prior to *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). He contends the district court, in deciding the appropriate reduction under Rule 35, should have applied the law in effect at the time of the "new and separate re-sentencing," which would have prohibited, under *Apprendi* and its progeny, a life-sentence starting point. Instead, he argues, the district court should have used, as "the starting point," 35 years' imprisonment, *i.e.*, the maximum constitutionally permissible sentence. White asserts the district court erred by mischaracterizing his argument as a collateral attack on his original sentence and finding it could not take into consideration the fact his original sentence was "achieved only through a violation of [his] constitutional rights."

Ordinarily, the district court's decision to grant or deny a Rule 35(b) motion is a discretionary decision that is not subject to appeal. *United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996). In this case, however, White does not challenge the merits of the district court's Rule 35(b) determination, but instead asserts his reduced sentence was imposed in violation of his statutory and constitutional

2

rights, and, therefore, we have jurisdiction to consider his appeal. *See id.* We review such questions of law *de novo*. *Id.*

Rule 35(a) provides: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Rule 35(b), in pertinent part, provides that a the district court may, upon motion by the government, reduce a sentence for the defendant's substantial assistance to the government. *See* Fed. R. Crim. P. 35(b).

White's argument that Rule 35 permits a new sentencing is based on a since-abrogated version of Rule 35(a) that permitted the district court to correct an illegal sentence at any time. *See* Fed. R. Crim. P. 35(a) (1983). Contrary to White's assertion, Rule 35(b), by its own terms, provides for a reduction of a sentence, not the vacating of a sentence and a resentencing. *See* Fed. R. Crim. P. 35(b). White is not permitted to have the benefit of Rule 35(a)'s correction of a sentence, which was foreclosed to him as untimely, simply by subsuming a request for it within his Rule 35(b) argument.

Second, White's argument is essentially an attempt to avoid the prohibitions against: (1) the retroactive application of *Apprendi* to cases on collateral review; and (2) a petitioner bringing a collateral attack against his sentence through Rule 35(b). *See McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001);

3

*Fernandez v. United States*, 941 F.2d 1488, 1492 (11th Cir. 1991). Because he is no longer permitted to bring a collateral attack on his sentence by making a Rule 35(b) motion himself, White attempts to attack his sentence collaterally through his response to the Government's Rule 35(b) motion. He is not permitted to evade the constraints of amended Rule 35(b) and the rule against the retroactive application of *Apprendi* to cases on collateral review by couching his request in terms of the proper "starting point" for the district court's reduction "calculus" in the Rule 35(b) motion. Moreover, the only support he cites for the assertion that his argument is not a collateral attack on his sentence is a case based on the previous version of Rule 35. *See United States v. Shillingford*, 586 F.2d 372, 375 (5th Cir. 1978).[1]

In conclusion, *Apprendi* had not been decided when White was sentenced originally and it is not retroactively applicable to cases on collateral review. Thus, the district court did not err in using White's original sentence as a starting point from which to reduce his sentence for substantial assistance. Accordingly, we affirm White's sentence.

**AFFIRMED**.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.