[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14459
Non-Argument Calendar

_____

D. C. Docket No. 92-00369-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARNEST EUGENE CHERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 7, 2009)

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Earnest Cherry, a federal prisoner who was convicted of a crack cocaine offense, appeals through counsel, the denial of his pro se motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and the denial of his motion for reconsideration.[1] Cherry's motion was based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine convictions. Because Cherry received a 240-month statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A), his sentence was based on something other than the offense level calculation under § 2D1.1. Consequently, the district court did not err in finding that Cherry was not eligible for a sentence reduction under § 3582(c)(2), because his guideline range was not lowered by the Amendment. The court properly rejected his arguments that: (1) his minimum mandatory sentence was invalid because it was based on a drug quantity not charged in the indictment or found by the jury, in violation of Apprendi;[2] and, (2) Booker[3] and Kimbrough[4] made the sentencing guidelines advisory. Accordingly, we AFFIRM

---

[1] After Cherry filed his pro se § 3582(c)(2) motion, the district court appointed a federal public defender to represent Cherry. R1-198, 199.

[2] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

[3] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

[4] Kimbrough v. United States, 552 U.S. __, 128 S. Ct. 558 (2007).

the district court's denial of Cherry's § 3582(c)(2) motion and the denial of his motion for reconsideration.

## I. BACKGROUND

As noted above, this appeal concerns the denial of Cherry's motion for a reduced sentence under § 3582(c)(2). We begin by reviewing the relevant facts regarding his underlying criminal conviction and sentence.

In January 1993, a federal grand jury returned a first superceding indictment charging Cherry with conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count One), possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Three), use of a firearm in a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Four), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five). R1-198 at 63-65. Prior to Cherry's trial, the government filed a notice stating that, based on Cherry's prior drug conviction, it would seek a sentencing enhancement under 21 U.S.C. § 851(a)(1). A jury found Cherry guilty on all counts of the indictment.

Pursuant to U.S.S.G. § 2D1.1(a)(3) (Nov. 1992), the probation officer set the base and total offense level at 32, because Cherry had distributed more than fifty grams, but less than 150 grams of crack cocaine. Specifically, the probation officer

found that Cherry's involvement was limited to a transaction that concerned 80.5 grams of crack cocaine. Based on the total offense level and a criminal history category of IV, the calculated guideline range was 168 to 210 months of imprisonment. However, because a mandatory minimum term of 240 months of imprisonment applied under 21 U.S.C. § 841(b)(1)(A), due to Cherry's prior felony drug offense, the probation office determined that 240 months was the applicable minimum guideline sentence. Cherry was also subject to a sixty-month consecutive sentence on Count Four pursuant to 18 U.S.C. § 924(c).

At sentencing, among other objections, Cherry argued that there was no evidentiary basis for holding him responsible for 80.5 grams, considering the amount of crack cocaine that was reasonably foreseeable in connection with Cherry's activities and Cherry's ignorance of the quantity involved. R1-198 at 70-71. The court overruled the objection and adopted the PSI's factual statements and guideline calculations. Id. at 77-78. The court sentenced Cherry to the mandatory minimum term of 240 months of imprisonment for Counts One and Three, and a consecutive sixty-month term of imprisonment for Count Four.[5] Id. at 84. Cherry

---

[5] Cherry was not sentenced separately for Count Five because it was treated as a specific offense characteristic applicable to Counts One and Three. A two-level enhancement, however, was not applied because he was also convicted under 18 U.S.C. § 924(c) (Count Four).

4

appealed his sentence to us and we affirmed. United States v. Cherry, 40 F.3d 389 (11th Cir. 2004).

In March 2008, Cherry filed the present motion to reduce his sentence, under 18 U.S.C. § 3582(c)(2), after which the district court appointed a federal public defender to represent Cherry. The district court also ordered the probation office to prepare a supplemental presentence investigation report (the "2008 PSI"). R1-198, 199. In the 2008 PSI, the probation office concluded that § 3582(c)(2) did not authorize the court to modify Cherry's sentence because the amendment did not affect his guideline range, as he was subject to a 240-month statutory minimum sentence. In its court-ordered response, the government argued that the district court should deny Cherry's § 3582(c)(2) motion because the statutory mandatory minimum sentence prevented the amendment from reducing Cherry's guidelines range. R1-202 at 2. The government noted that in a § 3582(c)(2) proceeding all sentencing determinations are to remain unchanged. Id. at 3. The government also argued that a court granting a § 3582(c)(2) motion may not apply the sentencing guidelines in an advisory fashion, and, even if the guidelines were advisory, Cherry's sentence would be unchanged because the court is still bound by the statutory mandatory minimums after Booker. Id. at 3-4.

In his response, Cherry, through counsel, argued that his mandatory minimum sentence was invalid, because no drug quantity was ever alleged or pledged to the jury, in violation of Apprendi. R1-207 at 3-4. Cherry recognized that Apprendi had not been held to be retroactive, but argued that the § 3582(c)(2) proceeding renders the judgment no longer final. Id. at 6. Cherry argued that, because he cannot be subjected to the statutory minimum, the amendment lowered his guideline range from 168-210 months to 135-168 months. Id. at 2, 6-7. Cherry also argued that under Kimbrough the court could consider the treatment disparity between crack and powder cocaine in determining a reasonable sentence. Id. at 8.

The district court found that because Cherry was subject to a statutory minimum term of 240-months of imprisonment, Amendment 706 did not lower his sentencing guideline range. R1-208 at 1. Accordingly, the district court found that § 3582(c)(2) did not authorize the court to reduce Cherry's sentence. Id. at 1-2. Cherry filed a motion to reconsider asking the court to address his arguments concerning the invalidity of his minimum mandatory sentence and Apprendi. R1-209. In denying this motion, the court rejected Cherry's argument that Apprendi was applicable because § 3582(c)(2) rendered his judgment no longer final for the limited purpose of imposing a reduced sentence. R1-210 at 1-2. The court found Cherry's argument to be contrary our circuit precedent as established in United

6

States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam) (holding that § 3582 only provides discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (holding that a sentencing adjustment under § 3582 does not constitute a de novo resentencing and all original sentencing determinations remain unchanged except for the guideline range amended after the original sentencing); and United States v. White, 251 Fed. Appx. 658, 659 (11th Cir. 2007) (per curiam) (holding that because Apprendi is not applicable on collateral review, the court did not err in using the defendant's original sentence as the starting point for granting the government's motion to reduce his sentence for substantial assistance). R1-210 at 2.

## II. DISCUSSION

On appeal, Cherry argues that he was erroneously subjected to a mandatory minimum of 240-months of imprisonment because 21 U.S.C. § 841(b)(1)(C), under which the jury convicted him, indicates no minimum mandatory sentence and only a 360-month maximum sentence. He asserts that the court had the authority to correct his illegal sentence because, pursuant to § 3582(c)(2), his judgment was no longer final for the purpose of reducing his sentence. Cherry also contends that his Fifth and Sixth Amendment rights to have facts that are essential

7

to his sentence charged by indictment and found by a jury beyond a reasonable doubt were violated because his sentence was based on facts that were neither charged by indictment nor found by a jury. He posits, however, that his case does not turn on the application of Apprendi because he was erroneously subjected to a mandatory minimum sentence. Cherry also argues that (1) under Booker and Kimbrough, the sentencing guidelines are advisory in all contexts, (2) his sentence was greater than necessary to satisfy the purposes of sentencing – noting that the court failed to consider the § 3553(a) factors and his post-sentencing conduct – and (3) based on our ruling in United States v. Stratton, 519 F.3d 1305 (11th Cir. 2008) (per curiam), the district court erred in concluding it lacked authority to consider the crack/powder sentencing disparity.

Cherry also argues that he is not asking to apply Apprendi and Booker retroactively, because he is not challenging his 1993 sentence; instead, he invites us to apply Apprendi and Booker to the district court's 2008 sentence. He contends that his sentence was unconstitutional because he received a 240-month sentence in 2008, based on judge-made findings, where no drug quantity was alleged with respect to his conviction under 21 U.S.C. § 841(a)(1). Cherry further argues that his sentence was unreasonable in light of the § 3553(a) factors and Kimbrough.

8

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002).

Although a district court generally cannot modify a term of imprisonment once it has been imposed, one exception is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id.

Amendment 706, which reduced the offense levels in crack cocaine cases calculated pursuant to § 2D1.1(c) by two levels, was made retroactive effective 3 March 2008, by incorporation into § 1B1.10(c). See U.S.S.G. App. C, Amend.

713; U.S.S.G. § 1B1.10(c).[6]  According to the Sentencing Commission, a reduction of a term of imprisonment would be inconsistent with its policy statements—and is, therefore, not authorized under § 3582(c)(2)—if the retroactive amendment did "not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).  Accordingly, we have held that a defendant whose original sentencing range was based on something other than § 2D1.1 is precluded from receiving a sentence reduction under Amendment 706, since the amendment would not lower his applicable guidelines range.  See United States v. Moore, 541 F.3d 1323, 1325 (11th Cir. 2008) (denying reduction for defendant subject to career offender guideline), cert. denied, McFadden v. United States, No. 08-7610 (U.S. Jan. 12, 2009).

A.  Applicability of the 240-Month Statutory Mandatory Minimum

Under 21 U.S.C. § 841(b)(1)(A), any person who possesses with intent to distribute fifty grams or more of cocaine base "after a prior conviction for a felony drug offense has become final, . . . shall be sentenced to a term of imprisonment which may not be less than 20 years[.]"  21 U.S.C. § 841(b)(1)(A)(viii).  In Apprendi, the Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond

_____

[6] Unless otherwise indicated, all citations are to the version in the 1 November 2008 Guidelines Manual.

a reasonable doubt. Apprendi, 530 U.S. at 490, 120 S. Ct. at 2362-63. Apprendi is

not retroactively applicable. McCoy v. United States, 266 F.3d 1245, 1258 (11th

Cir. 2001) (in the context of collateral review). A § 3582(c)(2) motion to reduce a

sentence does not provide the basis for de novo resentencing. See Moreno, 421

F.3d at 1220; U.S.S.G. § 1B1.10(a)(3) (noting that proceedings "do not constitute a

full resentencing of the defendant"). A district court should leave intact its

previous factual decisions from the sentencing hearing when deciding whether to

reduce a defendant's sentence. See United States v. Cothran, 106 F.3d 1560, 1563

(11th Cir. 1997) (holding the district court correctly declined to re-examine the

number of marijuana plants involved in the drug offense).

At Cherry's original sentencing, the district court found that Cherry was

responsible for 80.5 grams of cocaine base, and it is uncontested that Cherry was

previously convicted of a felony drug offense. R1-198 at 77-78. This previous

felony drug offense, in turn, served to enhance Cherry's statutory mandatory

minimum sentence to 240-months of imprisonment under § 841(b)(1)(A) (for

offenses involving more than fifty grams of crack cocaine, requiring that the 120-

month minimum be increased to a 240-month minimum if the offense was

committed after a conviction for a prior felony drug offense). The district court,

considering Cherry's § 3582(c)(2) motion, did not have the authority under

11

§ 3582(c)(2) to reexamine the amount of drugs for which Cherry was held responsible. Cothran, 106 F.3d at 1563. The court also did not have the authority to reexamine the amount based on Apprendi because the court could not apply Apprendi retroactively for the purpose of disturbing factual findings it was required to leave intact. Id.; see also McCoy, 266 F.3d at 1258. Cherry argues that he is not seeking to apply Apprendi retroactively because his judgment was no longer final for the purpose of resentencing and instead asserts that he seeks to apply Apprendi to the 2008 sentence imposed by the district court. These arguments have no merit because Cherry was not eligible for resentencing under § 3582(c)(2). As a result, Cherry was never resentenced, so there is no 2008 sentence to which to apply Apprendi. Because Apprendi is a Supreme Court decision, as opposed to a retroactively applicable guideline amendment by the Sentencing Commission, Apprendi cannot serve as an independent basis for a § 3582(c)(2) motion. Cf. Moreno, 421 F.3d at 1220. Consequently, the district court did not err in finding that the 240-month statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) was still applicable to Cherry.

B. Statutory Minimum Sentences and Eligibility for Relief Under § 3582(c)(2)

Where the statutory minimum sentence exceeds the top end of the applicable guideline range, the statutory minimum becomes the guideline. U.S.S.G.

12

§ 5G1.1(b). The Sentencing Commission's application notes indicate that the operation of "a statutory mandatory minimum term of imprisonment" would prevent an amendment from "hav[ing] the effect of lowering the defendant's applicable guideline range." See U.S.S.G. § 1B1.10, comment. (n.1(A)). Consequently, a defendant who is subject to a statutory mandatory minimum that replaced the sentencing guideline range is not eligible for a sentencing reduction, because the range was based on something other than § 2D1.1. See United States v. Williams, 549 F.3d 1337, 1341-42 (11th Cir. 2008) (per curiam) (holding that defendant sentenced to statutory minimum was not eligible for a sentence reduction, where even the court at the original sentencing had granted the government's § 5K1.1 motion to sentence below the mandatory minimum).

The district court did not err in finding that Cherry was not eligible for a sentence reduction under § 3582(c)(2). Cherry's sentencing guideline range was not affected by Amendment 706, due to being sentenced to a 240-month mandatory minimum sentence under § 841(b)(1)(A), rather than the guideline range established by § 2D1.1. See id. Although the applicable guideline range under § 2D1.1 was 168 to 210 months, § 841(b)(1)(A) required Cherry to be sentenced to not less than 240 months. 21 U.S.C. § 841(b)(1)(A). Thus, pursuant to U.S.S.G. § 5G1.1(b), Cherry's applicable guideline range effectively became

13

240 months. This range was not altered by Amendment 706, because that amendment only applies to sentences imposed under § 2D1.1, see Moore, 541 F.3d at 1327, and does not apply to sentences imposed under § 841(b)(1)(A), see Williams, 549 F.3d at 1341-42.

C. Applicability of Booker, Kimbrough and the § 3553(a) Factors

To the extent Cherry argues that the advisory nature of the sentencing guidelines under Booker and Kimbrough provide an independent basis to obtain 3582(c)(2) relief, our precedent forecloses his argument. In United States v. Melvin, 556 F.3d 1190, 1191 (11th Cir.) (per curiam), petition for cert. filed (U.S Feb. 10, 2009) (No. 08-8664), we held that Booker and Kimbrough v. United States, 552 U.S. __, 128 S. Ct. 558 (2007), "do not apply to § 3582(c)(2) proceedings" and that "a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission." Melvin, 556 F.3d at 1190. We specifically held that the district court was bound by U.S.S.G. § 1B1.10(b)(2)(A)'s limitation on the court's discretion to impose a sentence below the low end of t he defendant's amended guideline range. Id. at 1192-94. Cherry's argument that under Stratton, district courts always have authority to consider the crack/powder sentencing disparity is not persuasive because Stratton concerned the court's authority on direct appeal to

14

consider the crack/powder sentencing disparity and did not address the court's more limited authority to modify sentences under § 3582(c)(2).

Finally, because Cherry is not entitled to resentencing under § 3582(c)(2), his arguments concerning the reasonableness of his sentence seeking to apply Booker, Kimbrough, and the § 3553(a) factors, at resentencing are academic. See United States v. James, 548 F.3d 983, 986 (11th Cir. 2008) (per curiam) (holding the defendant's arguments for the application of Booker and Kimbrough at resentencing were "academic" because the defendant was not entitled to resentencing under § 3582(c)(2)).

## III.  CONCLUSION

As explained above, the district court did not err in finding that § 3582(c)(2) did not authorize the court to reduce Cherry's sentence. Accordingly, we **AFFIRM** the district court's denial of Cherry's motion.