[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10080
Non-Argument Calendar

_____

D. C. Docket No. 03-00024-CR-FTM-29DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH JAMES STRATTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 14, 2006)

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Joseph Stratton appeals his sentence for conspiracy to possess with intent to

distribute crack and powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. After review, we affirm.

## I. BACKGROUND

A Drug Enforcement Administration Task Force investigation involving surveillance and a series of controlled buys revealed that Stratton and a co-defendant were dealing cocaine powder and crack cocaine out of an apartment in Naples, Florida. Following a jury trial, Stratton was convicted of conspiracy to possess with intent to distribute five grams or more of crack and 500 grams or more of powder cocaine. The presentence investigation report ("PSI") calculated a total offense level of 40 and a criminal history category of I, resulting in a guidelines range of 292 to 365 months' imprisonment. The district court imposed a 292-month sentence under a mandatory guidelines scheme, but expressed concerns about the length of Stratton's sentence given his status as a first-time offender. Stratton appealed his conviction and sentence. A prior panel of this Court affirmed Stratton's conviction, but vacated his sentence and remanded for resentencing in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). See United States v. Thompson, 422 F.3d 1285 (11th Cir. 2005).

On remand, the district court reconfirmed Stratton's guidelines calculations from his first sentencing. Stratton contended that he was eligible for safety-valve

2

relief. The district court continued sentencing to give Stratton an opportunity to speak with law enforcement. When the sentencing hearing resumed, the government stated that Stratton qualified for a safety-valve reduction. The district court then reduced Stratton's base offense level by two levels, creating a guidelines range of 235 to 293 months.

Stratton also argued that, even under an advisory guidelines system, the district court was not permitted to use extra-verdict facts to enhance a defendant's sentence. The district court overruled this objection as inconsistent with Eleventh Circuit precedent.

In mitigation, Stratton argued that he should receive a shorter sentence because he had been a model prisoner, had health concerns, was needed as the primary caregiver for his son and ailing mother and because of the sentencing disparity between crack and cocaine powder.

The district court noted the factors in 18 U.S.C. § 3553(a) and acknowledged Stratton's arguments in mitigation. In particular, the district court noted Stratton's lack of a prior criminal history, his good behavior in prison and his family situation. However, the district court also concluded that Stratton's mother's health and his son's living situation were not extraordinary. The district court also rejected the crack and cocaine powder sentencing disparity as a basis for a sentence

reduction. The district court emphasized the nature of Stratton's offense and his role in the conspiracy and imposed a 235-month sentence.

Stratton objected to the sentence imposed, arguing that his co-defendant's sentence had been reduced by one-third at resentencing. The district court overruled this objection, noting that, on remand, Stratton's co-defendant still received a 240-month sentence, five months more than Stratton, in large part because of her extensive criminal history and drug problem. Stratton's sentence, on the other hand, was attributable to his greater role in the conspiracy than his co-defendant.

Stratton filed this appeal.

## II. DISCUSSION

On appeal, Stratton raises various challenges to his sentence, none of which have merit.[1] First, Stratton argues that the Supreme Court's opinion in Booker is unconstitutional. However, this Court is bound to follow the law of the Supreme Court and cannot overturn Booker. See United States v. Gibson, 434 F.3d 1234, 1246-47 (11th Cir.), cert. denied, 126 S. Ct. 2911 (2006).

---

[1]Stratton also attempts to challenge 21 U.S.C. § 846 as facially unconstitutional under the reasoning of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). We are barred by the law-of-the-case doctrine from addressing this issue because Stratton could have, but did not, raise it in his first appeal. See United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-83 (11th Cir. 1989).

Second, Stratton's argument that the district court violated <u>Booker</u> by enhancing his sentence based on extra-verdict facts misunderstands <u>Booker</u>'s remedial holding. Under an advisory guidelines scheme, a judge may enhance a defendant's sentence based upon facts found by the judge at sentencing using the preponderance of the evidence standard. <u>See</u> <u>United States v. Chau</u>, 426 F.3d 1318, 1323-24 (11th Cir. 2005).

Third, it is well-settled that the application of <u>Booker</u>'s remedial holding does not implicate <u>ex</u> <u>post</u> <u>facto</u> or due process concerns where the defendant was aware of the statutory maximum sentence applicable to his offense. <u>See</u> <u>United States v. Duncan</u>, 400 F.3d 1297, 1303-04 (11th Cir.), <u>cert. denied</u>, 126 S. Ct. 432 (2005).

Fourth, this Court already has rejected the argument that the disparity between crack and powder cocaine sentences should be a factor in determining a reasonable sentence. <u>United States v. Williams</u>, 456 F.3d 1353, 1364-67 (11th Cir. 2006). The 100:1 ratio between crack and power cocaine "reflect[ ] Congress's policy decision that crack offenders should be punished more severely," and "[f]ederal courts are not at liberty to supplant [that] policy decision." <u>Id.</u> at 1367.

Finally, we reject Stratton's argument that the district court plainly erred by failing to <u>sua</u> <u>sponte</u> recuse himself after remand. Nothing in the record, including

5

Judge Tjoflat's concurrence to this Court's prior opinion, demonstrates that the district court judge held a personal bias or prejudice concerning a party or that the district court judge's impartiality might reasonably be questioned. <u>See</u> 28 U.S.C. § 455(a)-(b); <u>see also</u> <u>United States v. Patti</u>, 337 F.3d 1317, 1321 (11th Cir. 2003); <u>United States v. Bailey</u>, 175 F.3d 966, 968-69 (11th Cir. 1999).

For all these reasons, we affirm Stratton's 235-month sentence.

**AFFIRMED.**