[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15741
Non-Argument Calendar

_____

D. C. Docket No. 03-00024-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH JAMES STRATTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 4, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Joseph Stratton appeals his 100-month imprisonment sentence imposed upon resentencing for conspiracy to possess with intent to distribute 500 grams or more of cocaine and 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). After review, we affirm.

## I. BACKGROUND

This is Stratton's third appeal of his sentence. Stratton originally was sentenced to 292 months' imprisonment, at the low end of the then-mandatory guidelines range of 292 to 365 months' imprisonment. In Stratton's first appeal, this Court affirmed Stratton's conviction, but vacated his sentence and remanded in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). United States v. Thompson, 422 F.3d 1285, 1301-02 (11th Cir. 2005).

On remand, the district court reaffirmed Stratton's 292 to 365 months' imprisonment guidelines range, which was now advisory. However, the district court granted Stratton safety-valve relief under U.S.S.G. § 5C1.2 and reduced Stratton's base offense level to 38, resulting in a new advisory guidelines range of 235 to 293 months' imprisonment. In mitigation, Stratton argued, inter alia, that his sentence should be lower because of the sentencing disparity between crack cocaine and powder cocaine offenses. The district court concluded that the crack/powder cocaine sentencing disparity was not a proper basis for a downward

2

variance.  After considering the 18 U.S.C. § 3553(a) factors, the district court imposed a 235-month imprisonment sentence.

In Stratton's second appeal, Stratton argued that: (1) Booker was unconstitutional; (2) 21 U.S.C. § 846 was unconstitutional, in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000); (3) the district court violated Booker in "enhancing his sentence based on extra-verdict facts"; (4) Booker's remedial holding implicated ex post facto and due process concerns; (5) the district court's adherence to the 100:1 crack-to-powder-cocaine ratio in the Sentencing Guidelines resulted in an unreasonable sentence; and (6) the district court judge's failure to sua sponte recuse himself on remand was plain error.  See United States v. Stratton, 205 F. App'x 791, 793-94 & n.1 (11th Cir. 2006) (unpublished).  In an unpublished decision, this Court rejected Stratton's arguments and affirmed his sentence.  Id.

The Supreme Court, however, granted Stratton's petition for a writ of certiorari and remanded to this Court for reconsideration in light of its intervening decision in Kimbrough v. United States, 552 U.S. 85, 128 S. Ct. 558 (2007). Stratton v. United States, __ U.S. __, __, 128 S. Ct. 859, 859 (2008).  In Kimbrough, the Supreme Court concluded that the Sentencing Guidelines' 100:1 crack-to-powder-cocaine ratio was advisory and that district courts had the

3

discretion to consider that sentencing disparity in determining a sentence. Kimbrough, 552 U.S. at ___, 128 S. Ct. at 574-75. In turn, this Court issued an opinion affirming and reinstating in part its previous opinion in Stratton's second appeal, but vacating and remanding for the limited purpose of resentencing Stratton in light of Kimbrough. United States v. Stratton, 519 F.3d 1305, 1306-07 (11th Cir. 2008). Specifically, this Court instructed that, because remand was limited to reconsideration of the § 3553(a) factors under Kimbrough,

> Stratton may not re-argue other issues already decided or necessarily decided during his two prior sentencings that either were affirmed on direct appeal or could have been, but were not, raised by him during his direct appeals. However, the district court may, if it wishes to do so, combine this resentencing proceeding on remand with any additional proceeding the district court may determine is appropriate in light of the retroactive application of Amendment 706 to the crack-cocaine guidelines effective March 3, 2008.

Id. at 1307 (citation omitted).

Before resentencing, Stratton filed an 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Stratton based his § 3582(c)(2) motion on Amendment 706, which had the effect of reducing his base offense level by two levels to 36. The district court granted the § 3582(c)(2) motion and recalculated Stratton's advisory guidelines range (with the amended base offense level of 36) as 188 to 235 months' imprisonment. However, the district court withheld entry of judgment to determine at the resentencing hearing whether any further reduction was warranted

based on Kimbrough.

At the third sentencing hearing, Stratton raised various Booker-related arguments, including that: (1) any fact used to determine a sentence must satisfy the requirements of the Fifth and Sixth Amendments; (2) Booker's remedial holding was unconstitutional; and (3) application of Booker's remedial holding to him violated the Ex Post Fact Clause and his due process rights. Stratton conceded, however, that these objections exceeded the scope of this Court's limited remand.

Stratton requested a sentence below the amended guidelines range, arguing that the district court should apply a one-to-one ratio, as if there was no disparity between crack and powder cocaine, for a sentencing range of 78 to 97 months. The district court stated that, although it believed a sentence below the amended guidelines range of 188 to 235 months' imprisonment was appropriate, it was not prepared to "do a straight one-to-one ratio." The district court imposed a 100-month imprisonment sentence. Stratton filed this appeal.

## II. DISCUSSION

In this third appeal, Stratton does not challenge the reasonableness of his third, 100-month imprisonment sentence or the extent of the district court's

5

downward variance pursuant to Kimbrough.[1]  Instead, Stratton raises the Booker-

type arguments asserted at the third sentencing hearing.  Stratton admits that he

already raised these Booker-type arguments in his second appeal to this Court.

Thus, as the district court concluded, these issues are foreclosed by the law-of-the-

case doctrine.[2]

Under the law-of-the-case doctrine, "[a]n appellate decision binds all

subsequent proceedings in the same case not only as to explicit rulings, but also as

to issues decided necessarily by implication on the prior appeal."  United States v.

Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996).  Thus, on remand the district court

may not consider matters outside the scope of a limited mandate.  United States v.

Davis, 329 F.3d 1250, 1252 (11th Cir. 2003).  Furthermore, lower court rulings

that have not been challenged on a first appeal will not be disturbed in a

subsequent appeal.  See, e.g., United States v. Escobar-Urrego, 110 F.3d 1556,

---

[1]In the summary of his argument, Stratton's brief asserts that his sentence is unreasonable because the district court applied the congressionally-mandated 100:1 crack-to-powder-cocaine ratio in determining his sentence.  However, his appeal brief does not elaborate on this issue in its legal analysis.  Further, this argument is obviously a reference to Stratton's first resentencing, which was vacated by the Supreme Court.  Stratton's current 100-month sentence is the result of a substantial post-Kimbrough downward variance that was imposed only after the district court granted Stratton's § 3582(c)(2) motion and recalculated Stratton's advisory guidelines range, as modified by Amendment 706.  Thus, Stratton's appeal brief does not appear to challenge the reasonableness of his current 100-month sentence.  In any event, any argument that the district court failed to consider the disparity between crack and powder cocaine in imposing the 100-month sentence is without merit.

[2]We review de novo whether the district court properly applied the law-of-the-case doctrine.  United States v. Bobo, 419 F.3d 1264, 1267 (11th Cir. 2005).

1560 (11th Cir. 1997); United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-83 (11th Cir. 1989). The law-of-the-case doctrine applies unless: (1) new evidence is presented; (2) there is an intervening change in the controlling law; or (3) the prior decision was clearly erroneous and will cause manifest injustice. Escobar-Urrego, 110 F.3d at 1561.

As conceded by Stratton, his third appeal raises claims that were raised and rejected in his second appeal. Specifically, this Court rejected Stratton's arguments that: (1) Booker is unconstitutional; (2) § 846 is unconstitutional in light of Apprendi; (3) the district court violated Apprendi by enhancing his sentence based on extra-verdict facts; (4) Booker's remedial holding implicated ex post facto and due process concerns; and (5) the district court judge's failure to sua sponte recuse himself was plain error. Thus, our rejection of these claims is the law of the case, and Stratton has not shown that any exception to the law-of-the-case doctrine applies.[3]

In conclusion, we affirm Stratton's sentence of 100 months' imprisonment.

**AFFIRMED.**

---

[3]Additionally, Stratton's claims in this third appeal are outside the scope of the limited mandate issued in his second appeal. This Court's prior panel opinion instructed the district court to resentence Stratton in light of Kimbrough and gave the district court the discretion to address Amendment 706's changes to the crack cocaine base offense levels in the Sentencing Guidelines. The district court complied with this Court's mandate and properly refused to reconsider Stratton's Booker-related arguments. Stratton admits that his arguments are barred and says that he is raising them only to preserve them for review to the Supreme Court.

7